DARRYL T. BURR, PLAINTIFF v. DONNA H. BURR, DEFENDANT

No. COA01-1288

(Filed 15 October 2002)

**Costs— attorney fees—child support—child custody—termination of parental rights**

The trial court did not abuse its discretion by its award of attorney fees to defendant mother for the child custody and support portions of this lawsuit based on the findings that defendant was an interested party acting in good faith and defendant had insufficient means to defray the costs of the lawsuit, even though she did not prevail at trial; however, the case is remanded to the trial court for a factual determination of the portion of the award of attorney fees that can be properly attributed to the custody and support actions because any award of attorney fees for the termination of parental rights action was error since there is no statutory authority for that portion of the action.

Appeal by plaintiff from order entered 11 April 2001 by Judge C.W. Bragg in Anson County District Court. Heard in the Court of Appeals 17 September 2002.

*Henry T. Drake for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

EAGLES, Chief Judge.

Darryl Burr ("plaintiff") appeals from the award of attorney's fees to Donna Burr ("defendant") in an action for payment of child support, child custody and the termination of parental rights. Plaintiff asserts on appeal that the trial court erred by awarding attorney's fees to defendant. We agree in part and remand the case to the trial court for further factual determinations regarding the payment of attorney's fees.

The evidence tends to show the following. In an order dated 14 November 1997, the District Court of Anson County concluded that defendant had abandoned her child. The court awarded custody to plaintiff, with visitation to defendant "on such terms as [were] mutually agreeable." The visitation terms were not stated in the district court's order.

Plaintiff filed an action to terminate defendant's parental rights 24 February 1999. On 16 July 1999, plaintiff filed a motion in the cause seeking child support. On 6 October 2000, defendant served a motion seeking modification of the custody order, based on an alleged substantial change in circumstances. Plaintiff moved to dismiss the motion seeking modification of the custody order, or alternatively to combine the consideration of that motion with the original termination action. The trial court did not address either alternative of plaintiff's motion.

The motion seeking termination of parental rights was denied by order on 11 April 2001. In a separate order on 11 April 2001, the trial court concluded that defendant should have been paying child support for her son. The trial court found that defendant was unemployed, but reasonably capable of earning up to $1039 per month and that defendant owed plaintiff $7420 in past due child support. The trial court ordered defendant to pay $188 per month as current child support, and $112 per month to be applied to past due child support. The trial court continued primary custody of the child with plaintiff. However, the court's order on 11 April 2001 set forth specific visitation times for defendant, unlike the previous custody order.

The trial court concluded that the plaintiff had sufficient means to defray the cost of the lawsuit, but found that defendant had no assets other than her car and some household furniture. The trial court found that "Defendant was a party acting in good faith with insufficient means to defray the expense of the suit." Mr. Hodgins, defendant's attorney, filed an affidavit detailing legal services outlining 59 hours of work and requesting $100 per hour for his services. The court concluded that the rate was reasonable, but awarded Hodgins an attorney's fee totaling $3,000. The order stated that plaintiff was to pay the fee within 90 days of the order's filing. Plaintiff appeals.

Plaintiff contends that under G.S. § 50-13.6 the trial court failed to find the adequate facts to support the award of attorney's fees. We agree. The statute in question reads:

In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, **the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.** Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

G.S. § 50-13.6 (2001) (emphasis added). Plaintiff here argues that because defendant did not prevail at trial, the award of attorney's fees to defendant was improper. We disagree.

The recovery of attorney's fees is a right created by statute. *See McGinnis Point Owners Ass'n v. Joyner*, 135 N.C. App. 752, 522 S.E.2d 317 (1999). A party can recover attorney's fees only if "such a recovery is expressly authorized by statute." *Id.* at 756, 522 S.E.2d at 320. Here, the trial court considered three substantive issues: the termination of parental rights, the award of child custody, and the payment of child support. Following the determination of child custody and support actions, the trial court is permitted to award attorney's fees among the parties according to G.S. § 50-13.6.

This award of attorney's fees is not left to the court's unbridled discretion; it must find facts to support its award. *See Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 30 (1975), *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980). Specifically, the trial court was required to make two findings of fact: that the party to whom attorney's fees were awarded was (1) acting in good faith and (2) has insufficient means to defray the expense of the suit. *Hudson*, 299 N.C. at 472, 263 S.E.2d at 723. "When the statutory requirements have been met, the *amount* of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion." *Hudson*, 299 N.C. at 472, 263 S.E.2d at 724.

**BURR v. BURR**

[153 N.C. App. 504 (2002)]

Here, the court found as a fact that defendant was an interested party acting in good faith. The trial court also found that defendant had insufficient means to defray the costs of the lawsuit. Since the trial court had considered both child custody and child support issues, the court was not required to make an additional finding of fact regarding a refusal to provide support in order to award defendant attorney's fees according to the second sentence of G.S. § 50-13.6. *See Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 30 (1975), *Hudson v. Hudson*, 299 N.C. 465, 263 S.E.2d 719 (1980), *Plott v. Plott*, 74 N.C. App. 82, 327 S.E.2d 273 (1985). A factual finding regarding refusal to provide support is only necessary when child support is not determined in the same proceeding with child custody. *Id.*

However, the termination of parental rights statute, G.S. § 7B-1100 *et seq.*, does not provide specifically for the shifting of attorney's fees. The statute allows the trial court to tax the *costs* of the termination action to any party. G.S. § 7B-1110(e) (2001). However, an award of attorney's fees is not synonymous with costs. The order to pay attorney's fees is enforceable by contempt for disobedience, while taxed costs only represent a civil judgment against a party. *See Smith v. Price*, 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986). In order to award attorney's fees to defendant for the portion of the trial dedicated to the termination action, the trial court would be required to tax the costs of the action to plaintiff and include attorney's fees within those costs. Since the trial court failed to tax costs to plaintiff, its award of attorney's fees for the termination portion of the trial was not supported by statutory authority.

We find no abuse of discretion in the award of attorney's fees for the child custody and support portions of the lawsuit, since the trial court made sufficient factual findings to sustain an award on those bases. However, since there is no statutory authority for the award of attorney's fees for the portion of the trial devoted to the consideration of the termination of parental rights action, any award of attorney's fees for the termination action is in error. Accordingly, we remand the matter to the trial court for a factual determination of the portion of the award of attorney's fees that properly can be attributed to the custody and support actions only and for entry of an appropriate award of attorney's fees.

Affirmed in part, reversed in part, and remanded.

Judges MARTIN and THOMAS concur.