TUONG DINH DOAN, Plaintiff v. HA NGUYEN DOAN, Defendant

No. COA02-257

(Filed 18 March 2003)

**1. Child Support, Custody, and Visitation— support—monthly ice skating expenses**

The trial court abused its discretion in a child support case by finding that the parties' minor child had monthly ice skating expenses of $752.00, and the case is remanded to the trial court for entry of a finding on the amount of defendant's monthly skating expenses which are supported by competent evidence.

**2. Child Support, Custody, and Visitation— support—extraordinary expenses—ice skating**

The trial court did not abuse its discretion in a child support case by classifying the ice skating expenses of the parties' minor child as extraordinary expenses under the child support guidelines.

**3. Costs— attorney fees—child support case**

The trial court did not err in a child support case by awarding attorney fees under N.C.G.S. § 50-13.6 to defendant wife based on its finding that defendant did not have sufficient means to defray the cost of the action and that plaintiff husband's action was frivolous.

Appeal by plaintiff from order entered 8 October 2001 by Judge Paul Gessner in Wake County District Court. Heard in the Court of Appeals 10 February 2003.

*Williams & McNeer, PC, by T. Miles Williams, for plaintiff-appellant.*

*Cheshire Parker Schneider Bryan & Vitale, by Kimberly W. Bryan, for defendant-appellee.*

MARTIN, Judge.

Plaintiff, Tuong Dinh Doan, and defendant, Ha Nguyen Doan, were married on 28 May 1988 and separated 27 February 1998. They had one child, Victoria, who was born 12 September 1990. On 29 May 1998, plaintiff initiated this action seeking custody of Victoria and the setting of child support and visitation. Defendant counterclaimed for child custody and support. On 21 June 1999, the district court entered its initial order in the matter awarding sole custody of the child to defendant, and decreeing that plaintiff pay retroactive and prospective child support, one-half of all expenses incurred in the child's involvement in ice skating, and defendant's attorney's fees. The court made extensive findings in the order regarding the parties' respective incomes, the child's involvement in ice skating, and plaintiff's refusal to be involved in the child's life, despite defendant's requests that he take an interest in his daughter.

Plaintiff appealed from the 21 June 1999 order. By opinion filed 19 December 2000, this Court remanded the matter for the entry of findings of fact as to (1) whether the child's ice skating expenses consti-

tute an "extraordinary expense" within the meaning of the North Carolina Child Support Guidelines ("the guidelines"), or are instead expenses justifying a deviation from the guidelines; and (2) whether defendant has sufficient means with which to pay her attorney's fees. See *Doan v. Doan*, 141 N.C. App. 149, 541 S.E.2d 525 (2000) (unpublished, COA99-1460).

On remand, the district court did not take additional evidence and entered an order on 8 October 2001 in which it made findings of fact, including that (1) defendant incurs monthly expenses of $752.00 for the child's ice skating and that these expenses should be apportioned between the parties as extraordinary expenses under the guidelines; and (2) defendant was required to pay her attorney's fees with her separate property and does not have sufficient means to pay those fees. Accordingly, the trial court concluded "the facts and circumstances of this case are appropriate to justify and warrant the inclusion of extraordinary expenses in the child support calculation," and that defendant "has acted in good faith in this action . . . and has insufficient means to pay her own attorney fees and is entitled to the payment of attorney fees from [p]laintiff." The district court concluded as further support for the award of fees that plaintiff had instituted a frivolous action. Plaintiff appeals.

## I. Skating Expenses

[1] Plaintiff first maintains the court below erred in finding that the child's monthly ice skating expenses amounted to $752.00 per month, as there was insufficient evidence to support such an amount. We are constrained to agree.

"The amount of a trial court's child support award will not be disturbed on appeal except upon a showing of abuse of discretion." *Cauble v. Cauble*, 133 N.C. App. 390, 395, 515 S.E.2d 708, 712 (1999). Nevertheless, this Court must review whether the trial court's findings are supported by competent evidence. *Hodges v. Hodges*, 147 N.C. App. 478, 556 S.E.2d 7 (2001).

In this case, the district court made a finding that defendant incurred monthly expenses of $752.00 for the child's skating. Although the order does not contain findings as to what expenses are accounted for in this amount, the court found in its initial 21 June 1999 order that defendant had monthly expenses of $221.00 for the child's skating lessons and $390.00 for ice time, and yearly expenses of $800.00 for competitions, $400.00 for costumes, and $500.00 for

DOAN v. DOAN

[156 N.C. App. 570 (2003)]

new skates, thereby totaling $752.00 per month. However, there is no evidence in the record which could support a finding that defendant's skating expenses for the child amounted to $752.00 monthly.

The relevant testimony established that the child spends approximately 3 to 4 hours per week skating at a cost of $6.50 per hour, and that she skates twice on the weekends at a cost of $5.00 per three hours, for an approximate monthly total of $144.00 for ice time. The evidence also establishes that the child takes private lessons twice a week at a cost of $32.00 per week, totaling $128.00 per month for lessons. The record also indicates that defendant paid for the child to attend a one-time week-long skate camp at a cost of $180.00. Although there was testimony that the child had participated in and would continue to participate in competitions, there was no evidence regarding the cost to defendant for her participation. The only testimony regarding the child's costumes was that defendant had made the child a costume herself, but there was no evidence as to what that costume had cost defendant, nor as to whether defendant had purchased any costumes. While there was testimony that the child was flat-footed and would need special skates in the future, there was no evidence presented as to the cost of skates.

This evidence is insufficient to support the trial court's determination that defendant's monthly skating expenses totaled $752.00. Although defendant is correct in asserting that the trial court has wide discretion in the determination of extraordinary expenses, there must nevertheless exist some evidence to support the court's determination. Accordingly, we must again remand this issue to the district court for entry of a finding on the amount of defendant's monthly skating expenses which is supported by competent evidence. On remand, the court may take additional evidence as necessary to make a properly supported determination of the issue. *See Guilford County Planning & Dev. Dep't v. Simmons*, 102 N.C. App. 325, 401 S.E.2d 659, *disc. review denied*, 329 N.C. 496, 407 S.E.2d 533 (1991).

[2] Plaintiff next argues the district court erred in classifying the child's ice skating expenses as extraordinary expenses under the child support guidelines. Plaintiff argues the court abused its discretion in making this determination because the court initially determined in its 21 June 1999 order that the skating expenses were not extraordinary expenses, and because those type of expenses are not extraordinary within the meaning of the guidelines. The guidelines allow the trial court to "make any adjustments for extraordinary

expenses and order payments for such term and in such manner as the Court deems necessary." N.C. Ann. Rule 36 (2002). The guidelines list as examples of extraordinary expenses medical expenses, counseling expenses, expenses for attending special or private schools, and transportation expenses.

We first disagree with plaintiff that, because the court had determined in its 21 June 1999 order that the expenses were not extraordinary under the guidelines, it was an abuse of discretion for the court to find, in the order from which plaintiff now appeals, that such expenses were extraordinary expenses. Because the district court was directed to reconsider the issue on remand and find as fact whether the expenses were extraordinary within the meaning of the guidelines, it was not only entitled to reconsider the issue, but was required to do so. As to plaintiff's contention that the court failed to make sufficient findings as to why it "changed its mind," the incorporation of adjustments for extraordinary expenses in a child support order "does not constitute deviation from the Guidelines, but rather is deemed a discretionary adjustment to the presumptive amounts set forth in the Guidelines." *Biggs v. Greer*, 136 N.C. App. 294, 298, 524 S.E.2d 577, 581-82 (2000). Therefore, the trial court need not make specific findings regarding the child's needs or the parents' ability to pay with regard to extraordinary expenses. *Id.* at 298, 524 S.E.2d at 582.

We also disagree with plaintiff's assertion that the skating expenses are not the type of expenses contemplated as extraordinary by the guidelines. The trial court is vested with discretion to make adjustments to the guideline amounts for extraordinary expenses, and the determination of what constitutes such an expense is likewise within its sound discretion. *Id.* at 298, 524 S.E.2d at 581. This Court has previously held that the language of the guidelines "contemplate[s] that the list of extraordinary expenses . . . is not exhaustive of the expenses that can be included." *Mackins v. Mackins*, 114 N.C. App. 538, 549, 442 S.E.2d 352, 359, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 527 (1994). The court noted that " 'historically our trial courts have been granted wide discretionary powers concerning domestic law cases,' " and concluded that in light of this discretionary standard of review, the trial court's inclusion of the child's summer camp expenses as an extraordinary expense was not an abuse of discretion. *Id.* at 549, 442 S.E.2d at 359 (citation omitted).

In this case, the evidence of record establishes that the child is devoted to ice skating of her own accord and derives great pleasure

from it, that the child has a unique talent for ice skating and has both the drive and physical potential to become an Olympic-caliber skater, and that the monetary costs associated with the child's skating are high for a person of defendant's financial status. In light of this evidence, we cannot hold that the trial court abused its discretion in classifying the child's skating expenses as extraordinary under the guidelines. These assignments of error are overruled.

## II. Attorney's Fees

[3] Plaintiff next assigns as error the district court's award of attorney's fees to defendant, arguing there was insufficient evidence to support its findings that defendant did not have sufficient means to defray the cost of the action and that plaintiff's action was frivolous. G.S. § 50-13.6, governing the award of attorney's fees in actions for custody and support of minor children, provides:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

N.C. Gen. Stat. § 50-13.6 (2003). "Whether these statutory requirements have been met is a question of law, reviewable on appeal." *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980). Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded. *Id.*

It is true, as plaintiff argues, that the statute has been interpreted as requiring that the court specifically make two findings of fact: (1) the party seeking the award of fees was acting in good faith; and (2) that party has insufficient means to defray the expense of the suit.

*Burr v. Burr*, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002). However, in this case, we need not reach plaintiff's argument that the district court's findings on this issue were unsupported by the evidence, because the trial court also found as justification for an award of attorney's fees that plaintiff's initiation of this custody and support action was "without merit, baseless and frivolous."

In its initial order, the district court made several relevant findings of fact, including that after the parties' separation, plaintiff instructed the child not to contact him and showed no interest in the child, despite defendant's repeated requests that he visit the child; that from the time of the parties' separation until the hearing of plaintiff's case, plaintiff had not seen or visited the child, called her, acknowledged her birthday, met with her teachers, or otherwise become involved with her school; that plaintiff had repeatedly refused visitation opportunities; that plaintiff consistently placed his own interests ahead of the best interests of the child; that plaintiff had not contributed money for various expenses incurred by the child, including skating and medical expenses; and that plaintiff had not paid child support since September 1998 and owes retroactive support. In the order on appeal, the trial court also found that plaintiff had refused to pay for any ice skating expenses, and had not paid the retroactive expenses ordered by the 21 June 1999 order.

These findings are amply supported by the evidence. Under G.S. § 50-13.6, the trial court had authority and discretion to award attorney's fees as appropriate under the circumstances due to the frivolous nature of plaintiff's action. The court's findings support its legal conclusion that an award of attorney's fees was appropriate. In so holding, we reject plaintiff's argument that as the child's father, he had a statutory right to initiate a custody action, and thus, it could not have been frivolous. While we agree plaintiff has a statutory right to seek custody, this right does not signify that any such action can never be deemed frivolous. Plaintiff also argues his action cannot be found frivolous because that portion of G.S. § 50-13.6 providing that the trial court may award fees based on such a finding applies only to support actions. However, plaintiff's action here includes a claim for support, and the trial court's findings on this issue apply equally to that claim as to the claim for custody. These arguments are overruled.

In summary, the trial court did not abuse its discretion in determining that the child's ice skating expenses constitute an extraordinary expense within the guidelines, but must make findings of

fact on remand supported by specific competent evidence as to the appropriate amount of those expenses. The order on appeal is otherwise affirmed.

Affirmed in part; reversed in part, and remanded.

Chief Judge EAGLES and Judge GEER concur.