GORDON B. KUTTNER, PLAINTIFF v. VILMA MARIE KUTTNER, DEFENDANT

No. COA08-342

(Filed 7 October 2008)

**1. Child Support, Custody, and Visitation— custody—attorney fees—findings and conclusions**

An order directing that plaintiff pay attorney fees of $66,375.00 in a child custody matter was supported by adequate findings and conclusions. The reasonableness of the fees was supported by affidavits and plaintiff's stipulations, the court specifically found that none of the time was expended on matters not connected to this case, the fees were only for time spent by staff. Moreover, the reasonableness of attorney fees is not gauged by the fees charged by the other side.

**2. Child Support, Custody, and Visitation— custody—attorney fees—frivolous claim—not basis of award**

Plaintiff cannot base an appeal upon the failure of the trial court to make findings on a theory that was not the basis of its order. The concept that the trial court must make sufficient findings to support an award of attorney fees as punishment for filing a frivolous custody claim was not applicable here.

**3. Child Support, Custody, and Visitation— custody—attorney fees—court's opinion**

An expression of the trial court's opinion about attorney fees in a child custody action should not have been included in the order, but was extraneous and treated as surplusage.

Appeal by plaintiff from judgment entered 9 August 2007 by Judge Rebecca T. Tin in Mecklenburg County District Court. Heard in the Court of Appeals 11 September 2008.

*Horack, Talley, Pharr & Lowndes, PA, by Kary C. Watson, for plaintiff-appellant.*

*Myers Law Firm, PLLC, by R. Lee Myers and Matthew R. Myers, for defendant-appellee.*

STEELMAN, Judge.

The trial court's findings of fact were supported by competent evidence and the stipulations of plaintiff. The trial court did not award attorney's fees based upon the filing of a frivolous custody claim. The amount of attorney's fees awarded was reasonable. The order of the trial court is affirmed.

## I. Factual and Procedural Background

Gordon B. Kuttner (plaintiff) and Vilma Marie Kuttner (defendant) were married on 25 February 2001. One child, Andrew Spencer Kuttner, was born of the marriage on 23 February 2003. The parties separated on 14 April 2006.

On 24 July 2006, plaintiff filed a complaint seeking custody of the minor child. On 19 September 2006, defendant filed an answer and counterclaim seeking custody, child support, attorney's fees, post-separation support, alimony, and equitable distribution. Defendant's claims for post-separation support, alimony, and equitable distribution were subsequently dismissed by the court as being barred by a pre-nuptial agreement between the parties.

On 9 August 2007, the court filed a custody, visitation, and support order that awarded defendant exclusive custody of the minor child, and granted plaintiff "reasonable but restricted visitation privileges." The order further provided that plaintiff pay monthly child support to defendant. On 9 August 2007, the court filed a separate

order directing plaintiff to pay attorney's fees of $66,375.00 arising out of the child custody and support claims.

Plaintiff appeals the order awarding attorney's fees.

## II. Standard of Review

When the trial court sits as the trier of the facts, its findings of fact that are supported by competent evidence become binding on this Court. *Lee v. Lee*, 167 N.C. App. 250, 253, 605 S.E.2d 222, 224 (2004).

N.C. Gen. Stat. § 50-13.6 states, in pertinent part, that "[i]n an action or proceeding for the custody or support, or both, of a minor child, . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." N.C. Gen. Stat § 50-13.6 (2007); *see also Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996). "To support an award of attorney's fees, the trial court should make findings as to the lawyer's skill, his hourly rate, its reasonableness in comparison with that of other lawyers, what he did, and the hours he spent." *Falls v. Falls*, 52 N.C. App. 203, 221, 278 S.E.2d 546, 558 (1981).

We note that Judge Tin's order found that counsel for plaintiff stipulated that: (1) the hourly rates charged by defendant's counsel were reasonable; (2) lead counsel for defendant was a skilled attorney with over 30 years experience, and did a good job handling defendant's custody and support claim; and (3) defendant was an interested party acting in good faith in connection with her claims for custody and child support. Plaintiff does not appeal these findings and they are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97-98, 408 S.E.2d 729, 731 (1991).

## II. Analysis

**[1]** In his first argument, plaintiff contends that the trial court's order directing him to pay $66,375.00 in attorney's fees is not supported by adequate findings of fact or conclusions of law. We disagree.

### A. Reasonableness of Fees

Plaintiff contends that the trial court failed to make sufficiently "detailed findings" concerning the actual time spent by defendant's counsel on the various issues involved in the case. Defendant's counsel submitted a 74-page attorney's fees affidavit containing detailed

time billing records showing the work performed on behalf of defendant. In addition, a twelve page supplemental affidavit of attorney's fees was filed. Judge Tin's order found:

34. The 261.43 hours spent by R. Lee Myers and the 68.59 hours spent by Matthew Myers and the 57.14 hours spent by Cindy Graham and the 13.03 hours spent by June DeLore were reasonably necessary and needed to be spent in order to adequately, fully, fairly and completely defend the Father's claim for custody and to prosecute Mother's claim for custody and support.

35. The total charges of $81,375.29 represent reasonable legal fees and expenses in connection with the custody and support claim by Mother.

The amount of time set forth in finding of fact 34 exactly matches the hours shown on the two attorney's fees affidavits. These findings, together with plaintiff's stipulation as to the reasonableness of the counsel's hourly rate, more than adequately support the reasonableness of the attorney's fees awarded.

### B. Challenge to Findings of Fact

Findings of Fact 10, 13, and 27 read as follows:

10. During the pendency of this action, Mother has conducted herself and her litigation in an appropriate manner, taking those steps which were reasonably necessary in order to put forward her claim for custody and support

13. Mother has been able to call upon her attorneys on a consistent and regular basis for counsel and advice, particularly in light of the repeated attempts at intimidation by Father necessitating regular contact with her attorneys' office.

27. Significant time was expended during the course of representation by Mother's attorneys to deal with issues raised by Father which resulted in legitimate concerns by Mother which needed to be addressed by her attorneys; this occurred on an almost daily basis during telephone calls ostensibly for the purpose of talking to Andrew, but resulted in unpleasant discussions by Father with Mother.

Plaintiff contends that these findings are not expressly limited to issues of child support and custody. However, in findings of fact 19

and 20, the court acknowledged that defendant had incurred attorney's fees in regards to her marital disputes with plaintiff that were not associated with the child custody and support claims. The court specifically found "none of the time expended in matters not connected with child custody and support have been included in this Order for payment by Father."

Plaintiff further argues that there was no evidence that plaintiff intimidated defendant, and argues that the custody dispute was defendant's fault and not his fault. We hold that there is competent evidence in the record to support the trial court's findings, and they are thus binding on appeal. *See Lee* at 253, 605 S.E.2d at 224. We further note that much of plaintiff's argument attempts to raise issues concerning the conduct and good faith of defendant which are contrary to plaintiff's stipulation at trial that defendant "was an interested party acting in good faith in connection with her claims for custody and child support."

Finding of Fact 14 reads as follows:

14. Attorneys for Mother conducted the appropriate pretrial due diligence in preparing for trial, including the proper assemblage of exhibits, personal interviews with witnesses in their work and personal environments which resulted in a presentation of evidence in a concise, clear, cogent and convincing manner.

Plaintiff contends that defendant was personally involved in the preparation of exhibits and that not all of the preparation was done by her attorneys and their staff. Testimony revealed that defendant did work with counsel in preparing photograph exhibits. However, the trial court's order assessed attorney's fees only for the time actually spent by defendant's counsel and their staff. Plaintiff has not been charged for defendant's time. We further note that the total amount of attorney's fees, based upon the total number of hours, and applicable rates would have been $81,375.29. This amount was reduced to $66,375.00 by Judge Tin.

Finding of Fact 28 reads as Follows:

28. Time was spent by attorney for Mother to meet Father's Motions on two occasions, by his two separate lawyers for Temporary Parenting Orders from the Court, both of which were denied.

KUTTNER v. KUTTNER

[193 N.C. App. 158 (2008)]

Plaintiff contends that there were no actual hearings on the motions and only one motion was denied. This finding states that time was expended to "meet" plaintiff's motion, not that there were actual court hearings. There is thus evidence in the record to support this finding, and it is thus binding on appeal. *See Lee* at 253, 605 S.E.2d at 224.

Finding of Fact 30 reads as follows:

30. Mother's attorneys conducted an investigation and review of facts and circumstances surrounding the care of Andrew in a manner which was appropriate and one which the Court finds to be consistent with the discharge of an attorney's duty to his client including visiting the environment in which Andrew spends his day (Candlewyck Preschool and Sander residence) and interviewing the witnesses which could potentially provide important information to the Court about Andrew's care in person, and preparing for their presentation to the Court.

Plaintiff argues that this finding is not supported by the evidence since defendant's counsel consumed a beer during the Sander interview. This argument borders upon the absurd and is rejected as being without merit.

## C. Reasonableness of Fees Charged by Defendant's Counsel

Plaintiff makes several arguments in support of his assertion that the amount of fees charged by defendant's counsel were not reasonable. We note that none of these arguments is supported by any case or statutory authority.

First, plaintiff contends that since defendant's counterclaim sought a "substantial but reasonable attorney's fee" that defendant "intended from the beginning of the litigation to generate a substantial fee regardless of the nature and scope of the matters pending before the court." We summarily reject this trifling argument.

Second, plaintiff makes the novel argument that since the fees for plaintiff's counsel were much lower than the fees charged by defendant's counsel, they must be unreasonable. In making this argument, it is not clear whether plaintiff is referring to just the fees charged by his current counsel, or whether this includes all of the fees charged to plaintiff by his multiple different counsel that represented him during the course of the litigation. Regardless of which amount plaintiff

may be referring to, the reasonableness of attorney's fees is not to be gauged by the fees charged by the other side. Rather, the provisions of N.C. Gen. Stat. § 50-13.6 have been interpreted as follows:

> The trial court must also make specific findings of fact concerning the lawyer's skill, the lawyer's hourly rate and the nature and scope of the legal services rendered.

*Cox v. Cox*, 133 N.C. App. 221, 234, 515 S.E.2d 61, 70 (1999) (citation omitted). Plaintiff stipulated that the hourly rates charged by defendant's counsel were reasonable, that defendant's counsel was a skilled and respected member of the bar and that he did a good job representing defendant. The court made findings of fact as to the number of hours expended, and that those hours were "reasonably necessary." The trial court applied the correct legal standard in awarding attorney's fees.

We find all of plaintiff's contentions under his first argument to be without merit.

[2] In his second argument, plaintiff contends that the trial court erred in that it used the attorney's fee award to punish plaintiff for filing a frivolous custody claim. We disagree.

Plaintiff cites the case of *Doan v. Doan*, 156 N.C. App. 570, 577 S.E.2d 146 (2003), for the proposition that if an award of attorney's fees under N.C. Gen. Stat. § 50-13.6 is based upon "the supporting party" initiating a "frivolous action or proceeding" that the trial court must make findings of fact concerning that matter. *Id.* at 575-77, 577 S.E.2d at 150-51. While this concept is legally correct, it has absolutely no application to the instant case. Attorney's fees were awarded in this case based upon there being a custody and support action tried at the same time, where defendant was "an interested party acting in good faith," who had "insufficient means to defray the expense of the suit." N.C. Gen. Stat. § 50-13.6; *see Spicer v. Spicer*, 168 N.C. App. 283, 607 S.E.2d 678 (2005). Plaintiff cannot base an appeal upon the failure of the trial court to make findings of fact on a theory that was not the basis of its order.

This argument is without merit.

[3] In his third argument, plaintiff contends that the trial court abused its discretion in ordering attorney's fees in the amount of $66,375.00. We disagree.

Finding of Fact 37 reads as follows:

37. If this had been the Court's custody and child support case, she would want that level of effort spent on her behalf.

Plaintiff contends that this finding was an inappropriate expression of personal opinion by the court. We hold that this finding was extraneous to the issues presented to the court and should not have been included in the order. However, it is not essential to support any of the trial court's conclusions of law, and we treat it as surplusage. *See City of Charlotte v. McNeely*, 8 N.C. App. 649, 653, 175 S.E.2d 348, 351 (1970).

Plaintiff next argues that the attorney's fees order was not the result of a "reasoned decision" based upon finding of fact 37.

As noted above, this finding is surplusage. We have carefully reviewed the Order. It contains detailed findings of fact that are supported by evidence in the record. These findings support the trial court's conclusions of law, which in turn support the trial court's order, specifically, the amount of attorney's fees awarded.

This argument is without merit.

AFFIRMED.

Judges GEER and STEPHENS concur.