KENNETH VANN WIGGINS, Plaintiff v. CHRISTINE BARWICK BRIGHT, Defendant

No. COA08-557

(Filed 4 August 2009)

**1. Child Support, Custody, and Visitation— custody—contempt—statutory authority**

The trial court had statutory authority to order plaintiff to pay defendant mother's attorney fees in a child custody action where plaintiff had brought an unsuccessful motion that she be

held in contempt of a custody order. N.C.G.S. § 50-13.6 grants the trial court the authority and discretion to award attorney fees as appropriate due to the frivolous nature of a plaintiff's proceeding. Moreover, attorney fees are also authorized under this statute based upon findings that defendant proceeded in good faith in responding to the motion for contempt and does not have sufficient means to defray the costs and expenses of the matter.

**2. Costs— attorney fees—defending child custody contempt motion—findings sufficient**

The amount of an attorney fee award was affirmed where plaintiff contended that the court's findings were unsupported by the evidence but did not point specifically to inadequacies in the findings or contrary evidence. Moreover, the court included a detailed finding relating to the reasonableness and amount of the attorney fee award.

Appeal by plaintiff from order entered 21 November 2007 by Judge David B. Brantley in Lenoir County District Court. Heard in the Court of Appeals 15 January 2009.

*Dal F. Wooten for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

GEER, Judge.

Plaintiff Kenneth Vann Wiggins appeals from the trial court's order requiring him to pay the attorneys' fees incurred by defendant Christine Barwick Bright in opposing plaintiff's motion seeking that she be held in contempt of the custody order entered by the trial court. On appeal, plaintiff contends the trial court had no statutory authority to award attorneys' fees to defendant. To the contrary, because the trial court concluded that plaintiff's motion was frivolous—a determination not challenged on appeal—the trial court was specifically authorized to award defendant fees by N.C. Gen. Stat. § 50-13.6 (2007). Consequently, we affirm the trial court's order.

<u>Facts</u>

Plaintiff and defendant married on 15 February 1992, separated on or about 20 March 2002, and divorced on 19 May 2003. The parties have one child, who was born on 5 January 1994. On 19 May 2005, plaintiff filed a complaint seeking custody, and on 9 June 2005, defendant filed an answer and counterclaim for custody.

On 28 March 2007, the trial court issued an order, *nunc pro tunc* 21 November 2006, awarding joint legal custody to the parties, with defendant having primary custody and plaintiff having secondary custody. The order also set out a specific schedule of visitation for plaintiff and included provisions for summer visitation by both parents. On 13 July 2007, plaintiff filed a motion in the cause seeking to hold defendant in contempt for failure to comply with the custody order, asserting that defendant was required to notify plaintiff in writing at least 30 days before the last scheduled day in school of the three weeks of summer visitation that defendant was choosing. The motion alleged "[t]hat the Defendant has willfully failed and refused to abide by the terms of the aforesaid Order in that she has failed to notify the Plaintiff of the summer visitation that she was going to exercise for the summer of 2007 in a timely manner."

On 16 July 2007, the trial court entered an order to show cause why defendant was not in contempt, and a hearing was held on 25 September 2007. After the trial court orally denied plaintiff's motion for contempt, defendant's counsel filed an Affidavit for Counsel Fees on 31 October 2007.

On 21 November 2007, the trial court entered an order, *nunc pro tunc* 25 September 2007, dismissing plaintiff's motion for contempt with prejudice. The trial court pointed out that the custody order required "[t]hat in all odd numbered years (i.e. 2007, 2009, etc.), *Plaintiff* shall notify Defendant in writing at least 60 days before the child's last regularly scheduled day in school of the timing of the three weeks that he chooses for that year." (Emphasis added.) The order required defendant to give prior notice "in all even numbered years (i.e. 2008, 2010, etc.)." The trial court found that since it was an odd-numbered year, plaintiff—and not defendant—was required to give written notice of the weeks he chose for summer visitation 60 days prior to the child's last regularly scheduled school day. The court further found that plaintiff had violated the custody order by not giving the required notice. Based on its findings of fact, the trial court concluded first that defendant had not violated the terms of the custody order and was not in contempt of court. The trial court then concluded that "Plaintiff's Motion in the Cause for contempt against Defendant is a 'frivolous motion' and should be dismissed by the Court." Plaintiff has not appealed that order.

On the same day, the trial court entered a separate order requiring plaintiff to pay defendant's attorneys' fees in the amount of $2,836.75. As a basis for this order, the trial court repeated its finding

in the prior order that "Plaintiff's Motion in the Cause for contempt filed against the Defendant was and is 'frivolous' . . . ." The court further found that "the Defendant is proceeding in good faith, does not have sufficient means to defray the costs and expenses of the matter, and the Plaintiff's Motion in the Cause was not justified and in fact was frivolous." Plaintiff timely appealed from this order.

## Discussion

**[1]** Plaintiff first contends the trial court was without authority to order him to pay defendant's attorneys' fees. A trial court cannot award attorneys' fees unless specifically authorized by statute. *United Artists Records, Inc. v. Eastern Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 ("It is settled law in North Carolina that ordinarily attorneys fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them."), *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973).

N.C. Gen. Stat. § 50-13.6 provides:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; *provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.*

(Emphasis added.) This statute grants the trial court "authority and discretion to award attorney's fees as appropriate under the circumstances due to the frivolous nature of [a] plaintiff's action" or proceeding. *Doan v. Doan*, 156 N.C. App. 570, 576, 577 S.E.2d 146, 151 (2003) (upholding trial court's award of attorneys' fees in a custody and support action).

Here, plaintiff brought this action seeking both custody and support. In this action, plaintiff then brought a proceeding—a motion for

contempt—that the trial court properly determined to be frivolous. As this Court held in *Doan*, N.C. Gen. Stat. § 50-13.6 authorized the trial court, in these circumstances, to order plaintiff to pay a reasonable attorneys' fee to defendant for the costs of defending this frivolous proceeding.

Moreover, attorneys' fees were also authorized under N.C. Gen. Stat. § 50-13.6 based on the findings that defendant was proceeding in good faith in responding to the motion for contempt and does not have sufficient means to defray the costs and expenses of this matter. *See Burr v. Burr*, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (holding that in order to award attorneys' fees under § 50-13.6, "the trial court was required to make two findings of fact: that the party to whom attorney's fees were awarded was (1) acting in good faith and (2) has insufficient means to defray the expense of the suit"). This Court has previously held that when the requisite two findings have been made, a trial court may award attorneys' fees under § 50-13.6 to parties who have successfully pursued a motion for contempt in child support and custody actions. *See Ruth v. Ruth*, 158 N.C. App. 123, 127, 579 S.E.2d 909, 912 (2003) (affirming award of attorneys' fees under § 50-13.6 in connection with filing of motion for contempt even though defendant could not actually be found in contempt because she returned child after filing of contempt motion but before hearing on motion); *Blair v. Blair*, 8 N.C. App. 61, 63, 173 S.E.2d 513, 514-15 (1970) (holding trial court could require defendant found in contempt for failure to pay child support to pay attorneys' fees as condition of purging contempt).

Plaintiff contends, however, that *Ruth* and *Blair* cannot apply to this case because defendant was not both the moving and prevailing party. His suggestion that only the party initiating the proceeding may recover fees is contrary to the plain language of the statute authorizing an award to "an interested party." N.C. Gen. Stat. § 50-13.6. His claim that the party must have prevailed is contrary to *Burr*, in which this Court specifically rejected the appellant's argument that simply "because defendant did not prevail at trial, the award of attorney's fees to defendant was improper." 153 N.C. App. at 506, 570 S.E.2d at 224.

If the proceeding is one covered by N.C. Gen. Stat. § 50-13.6, as is the case here, and the trial court makes the two required findings regarding good faith and insufficient means, then it is immaterial whether the recipient of the fees was either the movant or the pre-

vailing party. Thus, we hold the trial court had statutory authority to award fees to defendant in this case.

[2] Plaintiff also challenges as unsupported by the evidence the trial court's findings of fact that (1) fees in the amount of $2,836.75 are reasonable and necessary and (2) plaintiff should be required to pay the reasonable fees. He further adds that the trial court's conclusion of law regarding the amount of the fees is not supported by findings of fact. In support of these contentions, plaintiff does not, however, include any specific argument pointing to any contrary evidence or any particular inadequacies in the findings of fact. He simply incorporates by reference his argument regarding the trial court's statutory authority.

Even if plaintiff had adequately presented these contentions, the trial court included a detailed finding of fact relating to the reasonableness and amount of the attorneys' fee award. We can see no basis for plaintiff's unexplained assertion that this detailed finding is inadequate to support the ultimate award. In turn, this finding of fact is fully supported by the affidavit submitted by defendant's counsel. *See Middleton v. Middleton*, 159 N.C. App. 224, 227, 583 S.E.2d 48, 49-50 (2003) (rejecting defendant's claim that there was insufficient support in the record for award of attorneys' fees where trial court relied on attorneys' affidavit in finding amount and reasonableness of fees). These remaining arguments of plaintiff are thus meritless, and we affirm the trial court's order awarding attorneys' fees to defendant.

Affirmed.

Judges STEELMAN and STEPHENS concur.