An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-771

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

JOHN FLETCHER CHURCH,
        Plaintiff

v.

Caldwell County
No. 01 CVD 1391

JEAN MARIE DECKER (formerly Church),
        Defendant


Appeal by plaintiff from order entered 30 January 2013 by Judge Robert M. Brady in Caldwell County District Court. Heard in the Court of Appeals 9 December 2013.

*John Fletcher Church, pro se.*

*Respess & Jud, by W. Wallace Respess, Jr., and Marshall Hurley, PLLC, by Marshall Hurley, for Defendant.*

ERVIN, Judge.

Plaintiff John Fletcher Church appeals from an order awarding attorney's fees to Defendant Jean Marie Decker (formerly Church). On appeal, Plaintiff argues that the trial court's decision to award attorney's fees would be unconscionable given that he prevailed in the underlying appellate proceedings, that the trial court erroneously awarded attorney's fees in favor of Defendant without making adequate findings of fact, that the record did not support a

determination that Defendant lacked the ability to defray the costs of litigation, and that the trial court erroneously included certain fee and expense amounts in calculating the attorney's fee award. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Caldwell County District Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

Plaintiff and Defendant were married on 23 December 1992, separated on 31 August 2001, and divorced on 22 November 2002. Two children were born of the parties' marriage: a son, born on 23 October 1993, and a daughter, born on 18 March 1998. Since separating, the parties have appeared before the trial and appellate courts of this State on numerous occasions for the purpose of litigating multiple issues relating to the custody and support of their children. Having provided a detailed recitation of the facts underlying this appeal in opinions resolving prior disputes between the parties, we limit the factual statement contained in the present opinion to those substantive and procedural matters that have specific relevance

to the issues that are before us at this time.[1]  As a general proposition, however, the attorney's fees awarded in the order at issue stem from costs incurred by Defendant in connection with three previous appeals to this Court.

### A. *Church v. Church* (No. COA10-993)

On 10 August 2009, Judge Nancy Black Norelli entered an order requiring Plaintiff to undergo a "complete psychological evaluation" and suspending Plaintiff's visitation with his minor children until "further order of [the] Court."  In the course of considering Plaintiff's appeal from this order, we held that, while Judge Norelli did not err by requiring Plaintiff to undergo a psychological evaluation as a precondition for the restoration of his visitation rights, the order in question should be reversed and remanded to the Caldwell County District Court with "instructions that [the] Plaintiff be given an opportunity to be heard concerning the identity of the mental health professional responsible for conducting the required evaluation prior to the entry of a modified order[.]"  *Church v. Church*, 212 N.C. App. 419, 713 S.E.2d 790 (2011) (unpublished).

### B. *Church v. Decker* (No. COA 11-25)

---

[1]A more detailed factual and procedural history of the controversy between the parties is contained in our decisions in *Church v. Decker*, 212 N.C. App. 691, 718 S.E.2d 736 (2011) (unpublished), and *Church v. Church*, 212 N.C. App. 419, 713 S.E.2d 790 (2011) (unpublished).

In May 2010, Plaintiff filed a series of motions relating to Defendant's alleged failure to comply with prior orders concerning the custody and support of the couple's children. Plaintiff's motions came on for hearing before Judge J. Gary Dellinger at the 9 July 2010 Special Session of the Caldwell County District Court. As a result of Plaintiff's failure to attend the 9 July 2010 hearing, Judge Dellinger granted Defendant's motion to dismiss Plaintiff's claims with prejudice for failure to prosecute. In addition, Judge Dellinger entered an order on the same date finding that Plaintiff was in willful civil contempt of court based upon his failure to make payments to Defendant's counsel as required by a 28 April 2010 order requiring Plaintiff to pay Defendant's attorney's fees.[2] In the course of considering Plaintiff's appeal from the 9 July 2010 orders, this Court reversed the orders dismissing Plaintiff's motions and holding Plaintiff in contempt and remanded the case to the Caldwell County District Court for further proceedings.[3]

---

[2]This Court reversed the 28 April 2010 attorney's fees order on the grounds that it lacked sufficient findings of fact to support an award of attorney's fees pursuant to N.C. Gen. Stat. § 50-13 given the absence of a finding that Defendant was an interested party acting in good faith. *Church v. Decker*, 212 N.C. App. 691, 718 S.E.2d 736 (2011) (unpublished).

[3]This Court reversed the 9 July 2010 contempt order on the grounds that the 28 April 2010 attorney's fees order, which underlay the 9 July 2010 order, had been previously invalidated

*Church v. Decker*, 214 N.C. App. 193, 714 S.E.2d 529 (2011) (unpublished).

### C. *Church v. Church* (No. COA11-222)

At the 9 July 2010 hearing, Judge Dellinger entered an order requiring Plaintiff to appear on 21 July 2010 and show cause why he should not be held in criminal contempt of court for failing to comply with prior orders of the court. At the conclusion of the 21 July 2010 hearing, Judge Dellinger found Plaintiff to be in criminal contempt of court and entered a written order consistent with this determination on 17 September 2010.[4] On the same date, Judge Dellinger entered an order awarding $4,160.99 in attorney's fees to Defendant, with this amount being set out in an affidavit submitted by Defendant's counsel that reflected attorney's fees that Defendant had incurred in connection with the 9 July 2010 hearing, the issuance of the 9 July 2010 show cause order, the entry of the 9 July 2010 and 12 July 2010 civil contempt orders, and the 21

---

by this Court. *Church v. Decker*, 214 N.C. App. 193, 714 S.E.2d 529 (2011) (unpublished).

[4]Plaintiff appealed the criminal contempt order to the Caldwell County Superior Court, which invalidated the District Court's criminal contempt order on the grounds that the "District Court trial of [the] matter was prosecuted by someone not with the [District Attorney's] office [and without] a determination that the [District Attorney's] office had a conflict." *Church v. Church*, __ N.C. App. __, 718 S.E.2d 423 (2011) (unpublished).

July 2010 criminal contempt hearing. In the course of considering Plaintiff's appeal from the 17 September 2010 order, this Court held that the amount awarded in that order included attorney's fees incurred in connection with the now-invalidated criminal contempt proceeding and remanded this case to the Caldwell County District Court for entry of a new attorney's fees order without expressing any opinion concerning Defendant's entitlement, if any, to the remaining balance of attorney's fees reflected in the 17 September 2010 order. *Church v. Church*, __ N.C. App. __, 718 S.E.2d 423 (2011) (unpublished).

### D. 26 July 2012 Hearing

On 26 July 2012, Judge Dellinger held a hearing to consider the issues that had been remanded for further consideration by this Court. During the 26 July 2012 hearing, Judge Dellinger received testimony from Defendant concerning her financial status and her ability to defray the costs of the litigation in which she was involved. More specifically, Defendant testified that her annual income was $68,000; that her home was valued at $268,000; that she had borrowed $15,000 in 2007 using her home as collateral; that she had purchased a 2011 Honda CRV for $26,000; that her retirement accounts were valued at certain account-specific amounts; and that her current husband was employed as a project manager. On 15 November 2012, Judge

Dellinger entered an order finding that the attorney's fees that Defendant had incurred "exclusive of services devoted to criminal contempt [totaled] $4,035.99[5]" and that Plaintiff was required to pay this amount directly to Defendant's counsel.

### E. 15 November 2012 Hearing

On 15 November 2012, a hearing was held before the trial court stemming from Defendant's motion seeking an award of attorney's fees pursuant to N.C. Gen. Stat. § 50-13.6 relating to the proceedings held in connection with the three appeals discussed above. On 30 January 2013, the trial court entered an order awarding attorney's fees to Defendant in the amount of $44,666.75 stemming from this Court's decisions in Case Nos. COA10-993, COA11-25, and COA11-222, and including additional fees and expenses incurred after the conclusion of the proceedings on appeal.[6] In its order, the trial court found as a fact that:

---

[5]An appeal that Plaintiff noted from this order resulted in a decision reversing the 15 November 2012 order and remanding this case to the Caldwell County District Court for the entry of an order containing adequate findings relating to Defendant's ability to defray the costs of litigation. *Church v. Decker*, __ N.C. App. __, 753 S.E.2d 742 (2013) (unpublished).

[6]More specifically, the trial court awarded $19,976.75 in attorney's fees related to Case No. COA10-993, $6,393.75 in attorney's fees related to Case No. COA11-25, $11,925.25 in attorney's fees related to Case No. COA11-222, and $6,375.00 in attorney's fees relating to fees and expenses incurred after the conclusion of the proceedings on appeal in these cases.

4. At all times relevant to the appeals and the prior litigation in District Court, the Defendant is and has been an interested party acting in good faith who has insufficient means to defray the expenses of this litigation.

5. The Defendant has insufficient means to defray the expenses of litigation in the appellate courts of North Carolina and is in need of funds to pay legal expenses in this matter; she is not financially able to defend her interests in the Court of Appeals without assistance. The Defendant is entitled to secure counsel to defend her interests in this litigation.

6. At times during the course of this litigation, the Defendant has borrowed funds to pay for necessary legal expenses.

7. The record contains a specific finding by the Caldwell County District Court that the Defendant "has insufficient means with which to defray the expense of this suit." Finding 13, R.p.72 in case number 10-993. There have been no substantial or significant changes in the Defendant's financial position or means since the entry of the Court's findings.

Plaintiff noted an appeal to this Court from the 30 January 2013 order.

## II. Award of Attorney's Fees

In his brief, Plaintiff argues, among other things, that the trial court erred by failing to make sufficiently specific findings of fact in support of its determination with respect to

the issue of Defendant's ability to defray the costs of litigation. Plaintiff's argument is persuasive.

"The recovery of attorney's fees is a right created by statute." *Burr v. Burr*, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002). "A trial court cannot award attorneys' fees unless specifically authorized by statute." *Wiggins v. Bright*, 198 N.C. App. 692, 695, 679 S.E.2d 874, 876 (2009). N.C. Gen. Stat. § 50-13.6, which governs the attorney's fees awards in actions relating to the custody and support of minor children, provides, in pertinent part, that:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.

N.C. Gen. Stat. § 50-13.6. "Whether these statutory requirements have been met is a question of law, reviewable on appeal." *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980). "Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded." *Doan v. Doan*, 156 N.C. App. 570, 575, 577 S.E.2d 146, 150 (2003) (citing *Hudson*, 299 N.C. at 472, 263 S.E.2d at 724).

According to well-established North Carolina law, a valid order authorizing an award of attorney's fees pursuant to N.C. Gen. Stat. § 50-13.6 must include findings of fact to the effect (1) that the party seeking an award of fees was acting in good faith and (2) that the party seeking an award of attorney's fees lacks sufficient means to defray the expenses of the litigation in which he or she is involved. *Doan*, 156 N.C. App. at 575, 577 S.E.2d at 150; *see Dixon v. Gordon*, __ N.C. App. __, __ 734 S.E.2d 299, 304 (2012) (stating that, "[i]n an action for child custody, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit") (internal quotation omitted), *disc. review denied*, __ N.C. __, 743 S.E.2d 191 (2013). "A party has insufficient means to defray the expense of the suit when he or she is unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) (quoting *Hudson*, 299 N.C. at 474, 263 S.E.2d at 725).

A trial court's findings concerning the extent of a party's ability to defray the costs of litigation must consist of more than a "bald statement that a party has insufficient means to defray the expenses of the suit." *Cameron v. Cameron*, 94 N.C.

App. 168, 172, 380 S.E.2d 121, 124 (1989) (vacating an attorney's fees award on the grounds that the trial court's findings of fact were insufficient to support a determination that the plaintiff had insufficient means to defray litigation costs). For that reason, a simple restatement of the relevant statutory language does not suffice to constitute an adequate finding with respect to the "ability to defray the costs of litigation" issue because such a "finding" is, in reality, a conclusion of law which, in turn, must be supported by sufficient findings of fact. *Atwell v. Atwell*, 74 N.C. App. 231, 238, 328 S.E.2d 47, 51 (1985) (citing *Quick v. Quick*, 305 N.C. 446, 453-54, 290 S.E.2d 653, 659 (1982)).

The appellate courts in this jurisdiction have routinely enforced the requirement that the trial court make adequate findings of fact before upholding an award of attorney's fees pursuant to N.C. Gen. Stat. § 50-13.6. In *Atwell*, this Court overturned an award of attorney's fees on the grounds that the trial court simply found that the wife was an interested party acting in good faith who had insufficient means to defray the expenses of the suit, stating that "this 'finding' is, in reality, a conclusion of law" which is not supported by adequate findings of fact. *Id.* More recently, in *Dixon*, this Court held that the trial court's finding that the plaintiff did "not have

sufficient funds with which to employ and pay legal counsel" to "meet [the defendant] on an equal basis" was nothing more than the citation of "bare statutory language" and insufficient to support the challenged attorney's fees award, *Dixon*, __ N.C. App. at __, 734 S.E.2d at 305, noting that, "[a]lthough information regarding [the plaintiff's] gross income and employment was present in the record in [the plaintiff's] testimony, there are no findings in the trial court's order which detail this information." *Id.* Thus, this Court has not hesitated to enforce the requirement that the trial court's order contain adequate findings of fact relating to the movant's ability to defray the costs of litigation before upholding an award of attorney's fees pursuant to N.C. Gen. Stat. § 50-13.6.

At the hearing that led to the entry of the 30 January 2013 order, Defendant argued that Judge Dellinger had already considered and decided the "ability to defray" the cost of litigation issue. Admittedly, Defendant testified concerning the value of her home, vehicle, and retirement accounts and stated that she earned an annual salary of $68,000.00 at the 26 July 2012 hearing. Assuming, without deciding, that this evidence was properly before the trial court at the 15 November 2012 hearing, none of the information that Defendant provided on that occasion was detailed in the trial court's findings in

support of its conclusion that Defendant lacked the ability to defray the cost of litigation. As a result, even if "information regarding [the defendant's] gross income and employment was present in the record in [Defendant's] testimony, there are no findings in the trial court's order which detail this information," *Dixon*, __ N.C. App. at __, 734 S.E.2d at 305, requiring us to hold that the order under consideration in this case cannot be sustained.[7] *Cameron*, 94 N.C. App. at 172, 380 S.E.2d at 124; *Atwell*, 74 N.C. App. at 238, 328 S.E.2d at 51-52. As a result, we must reverse the trial court's order and remand this case to the Caldwell County District Court for, at a minimum, the entry of a new order containing adequate findings

---

[7]Admittedly, the trial court did find that, "[a]t times during the course of this litigation, the Defendant has borrowed funds to pay for necessary legal expenses." This finding, in the absence of more detailed findings concerning other related issues, is not sufficient to support a determination that Defendant lacked the ability to defray the costs of the litigation. In addition, the trial court found that there have been no substantial changes to Defendant's financial position since the 30 April 2009 finding that Defendant "has insufficient means with which to defray the expense of this suit." However, that finding is insufficient to support the relevant conclusion of law as well given that the finding in question was made in connection with the entry of an interim order entered by Judge Norelli that was revisited by Judge Dellinger as a result of the proceedings that led to entry of the 28 April 2010 order. As we have already noted, this Court overturned the 28 April 2010 order on appeal. As a result, the findings that the trial court did make in the 30 January 2013 order do not suffice to support its determination that Defendant lacked the ability to defray the costs of litigation.

of fact concerning the extent of Defendant's ability to defray the costs of litigation.[8]

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff's challenge to the 30 January 2013 order has merit. As a result, the 30 January 2013 order should be, and hereby is, reversed, and this case should be, and hereby is, remanded to the Caldwell County District Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Chief Judge MARTIN and Judge McCULLOUGH concur.

Report per Rule 30(e).

---

[8]We express no opinion concerning the validity of Plaintiff's other challenges to the trial court's order, including his challenge to the sufficiency of the information contained in Defendant's testimony to sustain the trial court's determinations regarding her ability to defray the costs of litigation. Instead, we merely conclude that the findings contained in the 30 January 2013 order are not sufficient to support a determination that Defendant lacked the ability to defray the costs of litigation and leave the other issues raised in Plaintiff's brief for future consideration in the event that it ever becomes necessary to address them.