### E. A. SMITH *v.* C. H. MILLER.

(Filed 17 May, 1911.)

1. **Appeal and Error—Certiorari—Judgment of Counsel.**

   A *certiorari* will not be granted to bring up an appeal to the Supreme Court from final judgment in the lower court on the ground of *laches* of counsel, except, possibly in an exceptional case.

2. **Appeal and Error—Certiorari—Substitute—Interlocutory Order— Former Record—Subsequent Appeal.**

   A *certiorari* will not be granted as a substitute for an appeal

from an interlocutory judgment. In this case so much of the former record on appeal as is relevant may be used should the applicant for the *certiorari* appeal from a final judgment.

*A. S. Barnard for petitioner.*
*No counsel contra.*

CLARK, C. J. This is a petition for *certiorari* by C. H. Miller. The facts have been fully stated in an opinion just filed by *Mr. Justice Hoke* denying Miller's motion to consider his exceptions without the necessity of an appeal. He now asks for a *certiorari* to bring up his appeal, alleging that he failed to appeal from the final judgment rendered at the December Term below on account of the error of his counsel.

The Court has often held that this would not be ground for a *certiorari* except possibly under very exceptional circumstances. *Barber v. Justice,* 138 N. C., 21; *Cozart v. Assurance Co.,* 142 N. C., 524; *Harrill v. R. R.,* 144 N. C., 544. Besides we find upon examination of the judgment at December Term, 1910, below, that it is not a final judgment, but the cause is "retained for further orders," and there is no judgment disposing of the costs or directing payment of them. If the ground for a *certiorari* were sufficient in other respects, it could not be granted as a substitute for an appeal when the judgment was interlocutory and no appeal lay.

At the next term of the court below the petitioner can move for final judgment in the action, and on his appeal therefrom the exception heretofore taken by him will be brought up and reviewed. As it will be expensive, and entirely unnecessary to reprint the voluminous record which was here on the former appeal, on the appeal from the final judgment, the record which was brought here on the former appeal, 151 N. C., 629, and which fully presented the petitioner's exceptions, can be used without reprinting. It will only be necessary in making out the record on the appeal from the final judgment to set out so much of the proceedings since the former appeal as is necessary to present such orders as affect C. H. Miller and other appellants, if there shall be others. And it will be necessary only to print such additional record.

Should there be an appeal from the final judgment there will be a stay of execution as to such of the parties as appeal, upon compliance with the requirements of Revisal, 598.