McKINNEY v. McKINNEY

[228 N.C. App. 300 (2013)]

GINGER A. McKINNEY (NOW GINGER L. SUTPHIN), Plaintiff

v.

JOE A. McKINNEY, Defendant

No. COA12-1152

Filed 16 July 2013

1. **Attorney Fees—child custody—instructions on remand—expert witness fees**

   The trial court erred in a child custody case by awarding expert witness fees for time spent by the expert in attending court but not actually testifying. The Court of Appeals' instructions to the trial court on remand were to assess costs for time actually spent testifying under N.C. Gen. Stat. § 7A-305(d)(11). The trial court was bound by these specific instructions.

2. **Attorney Fees—child custody—child support—appeal—within court's discretion**

   The trial court did not err in a child custody case by awarding attorney fees to plaintiff for defendant's previous appeal in the matter where plaintiff did not seek them from the appellate court and they were not mentioned in the Court of Appeals' remand instruction. The trial court's award of appellate attorney's fees was not contrary to the Court of Appeals' remand instruction and the award of appellate attorney's fees in matters of child custody and support, as well as alimony, is within the discretion of the trial court.

Appeal by defendant from order entered 20 January 2012 by Judge Susan E. Bray in Guilford County Superior Court. Heard in the Court of Appeals 13 February 2013.

*Wyatt Early Harris Wheeler, by A. Doyle Early, Jr. and Lee C. Hawley, for plaintiff-appellee.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for defendant-appellant.*

STEELMAN, Judge.

Where our prior opinion directed the trial court to award fees for the time that an expert witness actually spent testifying in court, but not for time spent preparing for trial, the trial court erred in awarding additional

**McKINNEY v. McKINNEY**

[228 N.C. App. 300 (2013)]

fees based upon the time that the expert spent waiting in court. The trial court did not err in awarding attorney's fees to plaintiff for the first appeal in a case involving child support and custody.

## I. Factual and Procedural Background

The underlying facts of this case can be found in our previous decision on this matter, *McKinney v. McKinney*, ___ N.C. App. ___, 720 S.E.2d 29 (2011) (unpublished). In that matter, defendant appealed several orders of the trial court that awarded attorney's fees to plaintiff in connection with plaintiff's motion for modification of child support. We affirmed in part, and vacated and remanded in part those orders. As to the portion of the attorney's fees award representing time that plaintiff's expert witness, Mr. Boger, spent in preparation for trial in the amount of $3,055.00, we held that this was improperly awarded under the case of *Peters v. Pennington*, 210 N.C. App. 1, 707 S.E.2d 724 (2011). That portion of the award was vacated. We remanded this matter to the trial court to "determine how much of the remaining $6,240.00 attorney's fees award was awarded for time Mr. Boger spent preparing for trial. Any such amount shall be deducted from the new order." *Id.*

On remand, on 22 January 2012, the trial court found that Mr. Boger spent "approximately one and one-half hours providing actual testimony." The court also found that he spent a total of 13 hours in court. The court awarded plaintiff $390.00 in expert witness fees for the time Mr. Boger spent testifying, and $2,990.00 for time he spent in court, for a total award of $3,380.00.

On 1 February 2012, plaintiff filed a motion seeking attorney's fees incurred in connection with the original appeal. On 29 March 2012, the trial court awarded $25,980.51 to plaintiff for attorney's fees on appeal.

Defendant appeals.

## II. Standard of Review

"Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed *de novo* on appeal." *Peters v. Pennington*, 210 N.C. App. 1, 25, 707 S.E.2d 724, 741 (2011).

## III. Arguments

### A. Expert Witness Fees for Time Waiting in Court

[1] In his first argument on appeal, defendant contends that the trial court erred in awarding expert witness fees for time spent by the expert

in attending court but not actually testifying, where instructions on remand were to assess costs for time actually spent testifying. We agree.

A mandate of an appellate court "is binding upon [the trial court] and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. We have held judgments of Superior [C]ourt which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court ... to be unauthorized and *void*." *Lea Co. v. N.C. Bd. of Transp.*, 323 N.C. 697, 699, 374 S.E.2d 866, 868 (1989) (quotations and citations omitted). A trial court has "no authority to modify or change in any material respect the decree affirmed." *Id.* at 700, 374 S.E.2d at 868 (quoting *Murrill v. Murrill*, 90 N.C. 120, 122 (1884)).

On remand, a trial court is free to reconsider the evidence and to enter new findings of fact, provided that they are not inconsistent with those findings upheld by this Court. *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 393-94, 545 S.E.2d 788, 793 *aff'd per curiam*, 354 N.C. 564, 556 S.E.2d 294 (2001).

In our prior opinion, we analyzed the expert witness fees to which plaintiff was entitled under N.C. Gen. Stat. § 7A-305. The statute reads, in relevant part:

> The following expenses, when incurred, are assessable or recoverable, as the case may be. The expenses set forth in this subsection are complete and exclusive and constitute a limit on the trial court's discretion to tax costs pursuant to G.S. 6-20:
>
> . . .
>
> Reasonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings.

N.C. Gen. Stat. § 7A-305(d)(11) (2009). We determined that this statute enabled the trial court to assess costs for time spent by an expert testifying, but not time spent preparing to testify.

On remand, the trial court awarded plaintiff $390.00 for the actual time Mr. Boger spent testifying, in accordance with N.C. Gen. Stat. § 7A-305(d)(11). However, the trial court then awarded an additional $2,990.00 "in the discretion of the court" under N.C. Gen. Stat. § 7A-314. That statute provides, in relevant part:

> An expert witness . . . shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize.

N.C. Gen. Stat. § 7A-314(d) (2011). The trial court determined that, "[d]ue to the complexity of the defendant's financial statements . . . it is reasonable that the plaintiff be reimbursed" both for the amount of time Mr. Boger spent testifying and for the time he spent in attendance in court.

The trial court was bound by our specific instructions to award costs to plaintiff under N.C. Gen. Stat. § 7A-305(d)(11). The trial court's award is "inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed" our mandate, and is therefore void. We affirm the award of $390.00 for time Mr. Boger spent actually testifying, but vacate the award of $2,990.00 for time spent waiting in court.

### B. Attorney's Fees on Appeal

**[2]** In his second argument, defendant contends that the trial court erred in awarding attorney's fees to plaintiff for the previous appeal where plaintiff did not seek them from the appellate court and they were not mentioned in our remand instruction. We disagree.

We have previously held that "an award of attorney's fees for services performed on appeal should ordinarily be granted, provided the general statutory requirements for such an award are duly met, especially where the appeal is taken by the supporting spouse." *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 273, 280 S.E.2d 787, 790 (1981).

N.C. Gen. Stat. § 50-13.6, dealing with child support payments, provides that:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order

> payment of reasonable attorney's fees to an interested
> party as deemed appropriate under the circumstances.

N.C. Gen. Stat. § 50-13.6. In the instant case, the trial court found that plaintiff's motion for modification of custody and support was filed in good faith, that defendant was paying "an inadequate amount of child support[,]" that defendant had refused to mediate the issue, and that plaintiff had insufficient means to defray the expense of the suit. Defendant does not challenge these findings on appeal, and they are therefore binding upon this court. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Because the trial court made the necessary findings required by statute, it was within its discretion to order payment of reasonable attorney's fees.

We have previously held that:

> Because G.S. 50-13.6 allows for an award of *reasonable* attorney's fees, cases construing the statute have in effect annexed an additional requirement concerning reasonableness onto the express statutory ones. Namely, the record must contain additional findings of fact upon which a determination of the requisite reasonableness can be based, such as findings regarding the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness in comparison with that of other lawyers.

*Cobb v. Cobb*, 79 N.C. App. 592, 595, 339 S.E.2d 825, 828 (1986) (citations omitted). In the instant case, the trial court made the required findings with regard to the attorneys involved and the work that they performed, and noted that defendant had stipulated that their rates were reasonable. The trial court then found that the fees sought were reasonable. Again, defendant does not challenge this finding, and it is binding upon this Court.

The question presented, however, is whether the trial court's authority to award attorney's fees extends to awarding attorney's fees for the appeal of a matter involving child custody and support. Defendant first contends that the trial court was without power to award anything beyond that which was discussed in our mandate. Defendant contends that because the mandate was silent as to appellate attorney's fees, the trial court lacked the authority to award them.

When the matter was previously before this Court, the issue of appellate attorney's fees was not raised. Our mandate did not address

that issue. Because we did not address appellate attorney's fees, the trial court's award of appellate attorney's fees was not "inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed" our mandate, and the trial court did not violate our mandate by awarding them.

Defendant further contends that, in the absence of an explicit mandate from this Court, the trial court was without authority to award appellate attorney's fees. Defendant cites to our decision in *Hill v. Hill*, in which we held that "attorney's fees and costs incurred in defending an appeal may only be awarded under N.C. R. App. P. 34 by an appellate court." *Hill v. Hill*, 173 N.C. App. 309, 318, 622 S.E.2d 503, 509 (2005) *writ denied, review denied, appeal dismissed*, 360 N.C. 363, 629 S.E.2d 851 (2006) and *writ denied*, 362 N.C. 235, 657 S.E.2d 892 (2008). However, *Hill* dealt with attorney's fees awarded pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. In *Hill*, we held that, while the trial court may award attorney's fees at trial as a sanction under Rule 11, only the appellate courts may award attorney's fees on appeal as a sanction under Rule 34 of the Rules of Appellate Procedure. In the instant case, attorney's fees are not being awarded as a sanction, but as a discretionary award pursuant to § 50-13.6 of the General Statutes. The reasoning in *Hill* is not applicable.

Plaintiff cites to our decision in *Fungaroli*, as well as our Supreme Court's decision in *Whedon v. Whedon*, 313 N.C. 200, 328 S.E.2d 437 (1985), for the proposition that the trial court may grant appellate attorney's fees in an alimony case pursuant to N.C. Gen. Stat. § 50-16.4. Both of these cases dealt with alimony, not child support. However, we find the reasoning in these cases to be compelling.

Both cases dealt with N.C. Gen. Stat. § 50-16.4, which provides that:

> At any time that a dependent spouse would be entitled to alimony pursuant to G.S. 50-16.3A, or postseparation support pursuant to G.S. 50-16.2A, the court may, upon application of such spouse, enter an order for reasonable counsel fees, to be paid and secured by the supporting spouse in the same manner as alimony.

N.C. Gen. Stat. § 50-16.4. We held in *Fungaroli* that both this statute and § 50-13.6 serve the North Carolina policy that "there is nothing in our statutory or case law that would suggest that a dependent spouse in North Carolina is entitled to meet the supporting spouse on equal footing, in terms of adequate and suitable legal representation, at the trial level only." *Fungaroli*, 53 N.C. App. at 273, 280 S.E.2d at 790.

In *Fungaroli,* plaintiff was ordered by the District Court to pay alimony. After multiple appeals, defendant sought appellate attorney's fees from the trial court. Plaintiff appealed the award of fees, and we held that "an award of counsel fees is appropriate whenever it is shown that the spouse is, in fact, dependent, is entitled to the relief demanded, and is without sufficient means whereon to subsist during the prosecution and defray the necessary expenses thereof." *Id.*

In *Whedon,* plaintiff appealed the trial court's initial order granting alimony and counsel fees. We remanded to modify alimony. Defendant later moved to hold plaintiff in contempt for failure to pay alimony, for modification of the alimony award in view of this Court's opinion on appeal, for appellate attorney's fees, and for costs incurred in preparing the motion. Plaintiff moved to dismiss these claims. The trial court dismissed defendant's claims for contempt and costs incurred, granted defendant's motion to amend the previous alimony award, and denied defendant's motion for appellate attorney's fees. Plaintiff appealed to this Court, and defendant made cross-assignments of error. We held that the trial court erred in dismissing defendant's request for appellate attorney's fees without prejudice. *Whedon,* 313 N.C. at 200-02, 328 S.E.2d at 438.

Our Supreme Court granted *certiorari.* The Court held that the trial court's dismissal without prejudice was not a ruling on the merits. *Id.* at 209, 328 S.E.2d at 442. The Court did not make an explicit holding with regard to the trial court's ability or inability to award appellate attorney's fees. However, the Court stated:

> In making its determination of the proper amount of counsel fees which are to be awarded a dependent spouse as litigant *or appellant* the trial court is under an obligation to conduct a broad inquiry considering as relevant factors the nature and worth of the services rendered, the magnitude of the task imposed upon counsel, and reasonable consideration for the parties' respective conditions and financial circumstances.

*Id.* at 208, 328 S.E.2d at 442 (emphasis added); *see also Adams v. Adams,* 167 N.C. App. 806, 606 S.E.2d 458 (2005) (unpublished) (holding that where a plaintiff sought appellate attorney's fees from the Court of Appeals, remand was appropriate to conduct an inquiry as outlined in *Whedon*). This language makes clear that, while the issue of the trial court's authority to award counsel fees was not before the Supreme Court, it considered such a determination to be within the trial court's authority. This language also makes clear that it is the place of the trial

court, and not of the appellate courts, to make the detailed factual findings necessary to award attorney's fees.

Based upon the aforementioned precedent, particularly the rationale of *Fungaroli*, we hold that the award of appellate attorney's fees in matters of child custody and support, as well as alimony, is within the discretion of the trial court. This holding applies to any appeal of a child custody or support order, whether the order is interlocutory or final.

This argument is without merit.

## IV. Conclusion

The trial court's award of $390.00 for time Mr. Boger spent testifying is affirmed. The trial court's additional award of $2,990.00 for time Mr. Boger spent preparing in court is vacated. The trial court's award of attorney's fees for the first appeal in this matter is affirmed.

AFFIRMED IN PART, VACATED IN PART.

Judges GEER and HUNTER, Robert N., JR. concur.