*441 TYSON, Judge, dissenting.
The majority's opinion erroneously affirms the trial court's civil contempt order, which concluded plaintiff willfully failed to pay his children's private school tuition as required by the support order, while that order was pending before this Court on cross-appeals from both parties. Presuming, without agreeing, defendant possessed the right to seek enforcement through contempt, while also contesting the same order on appeal, the trial court erred and prejudiced plaintiff by failing to rule upon his motion to stay the execution and enforcement of the appealed order and to set bond conditions pursuant to N.C. Gen.Stat. § 1-289.
Plaintiff retained a statutory right to seek and secure the trial court's determination of a bond or security to stay execution of the child support order. The trial court failed to make the statutorily required bond determination to allow plaintiff to stay execution of the party's jointly appealed order, which would have allowed plaintiff to avoid being held in civil contempt. The trial court's order should be reversed. I respectfully dissent.
I. Standard of Review
This Court reviews whether a trial court has properly followed, interpreted, or applied a statutory mandate de novo. McKinney v. McKinney, 228 N.C.App. 300, 301, 745 S.E.2d 356, 358 (2013) (citation omitted), disc. review denied and dismissed as moot, 367 N.C. 288, 753 S.E.2d 679, 678 (2014).
*176 II. Analysis
N.C. Gen.Stat. § 1-289, as applicable, provides:
(a) If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment[.]
N.C. Gen.Stat. § 1-289(a) (2009) (emphasis supplied).
Our Supreme Court held an order for the payment of child support is "a judgment directing the payment of money" within the meaning of N.C. Gen.Stat. § 1-289. Quick v. Quick, 305 N.C. 446, 462, 290 S.E.2d 653, 663 (1982) (citations omitted) (noting a child support order is a money judgment and an appeal does not stay execution for the collection of judgment unless a stay or supersedeas is ordered). Our Supreme Court's holding in Quick remains controlling law. Nothing shows the 1983 amendment to N.C. Gen.Stat. § 50-13.4(f)(9) altered or limited Quick's holding, as posited in the majority's opinion. See Romulus v. Romulus, 216 N.C.App. 28, 35, 715 S.E.2d 889, 893-94 (2011) (noting our Supreme Court has recognized judgments directing the payment of alimony or child support are "judgments directing the payment of money" under N.C. Gen.Stat. § 1-289 ).
Here, plaintiff timely filed a motion to stay execution and enforcement of judgment during appeal on 20 August 2014, after an order to show cause was issued by the trial court with only two (2) days prior notice to plaintiff, in violation of N.C. Gen.Stat. § 5A-23(a1) (2015).
In support of his motion, plaintiff averred "North Carolina law permits [plaintiff] to seek a stay of execution and enforcement of the child support provisions of the Support/Custody Order pending disposition of the parties' respective cross-appeals[,]" citing N.C. Gen.Stat. § 1-289 (2009). Plaintiff correctly asserted "N.C. [Gen. Stat.] § 1-289 authorizes such a stay where [plaintiff] executes a written undertaking by one or more sureties in an appropriate amount and after consideration of the relevant factors set forth in and contemplated by [N.C. Gen.Stat.] § 1-289."
The majority's opinion purports to limit plaintiff's options to obtain a stay of execution on the judgment solely to filing a motion for supersedeas with this Court. While N.C. Gen.Stat. § 50-13.4(f)(9) authorizes this *177 Court to "stay any order for civil contempt entered for child support," see N.C. Gen.Stat. § 50-13.4(f)(9) (2015), this option is not the only permissible avenue through which a party may obtain a stay of "a judgment *442 directing the payment of money." Quick, 305 N.C. at 462, 290 S.E.2d at 663 (citations omitted).
Nothing in the plain language of N.C. Gen.Stat. § 50-13.4(f)(9) or the pertinent case law restricts or diminishes plaintiff's right to seek a stay of execution under N.C. Gen.Stat. § 1-289. Plaintiff's motion was filed in accordance with the explicit statutory language of N.C. Gen.Stat. § 1-289, and does not conflict with other statutory alternatives.
The trial court failed to rule upon plaintiff's motion for determination of a bond as statutorily required and summarily denied plaintiff's motion to stay execution and enforcement of judgment on 15 October 2014. In the order denying plaintiff's motion, the trial court stated " N.C. Gen.Stat. § 50-13.4(f)(9) and the ruling in Guerrier v. Guerrier, 155 N.C.App. 154, 574 S.E.2d 69 (2002) are controlling." The trial court wholly ignored and did not rule upon plaintiff's rights under N.C. Gen.Stat. § 1-289 to set a bond and to allow him to post security to stay execution and enforcement of the jointly appealed child support order. The trial court's failure to do so permitted defendant to "have her cake and eat it to," by forcing plaintiff's compliance, under pain of contempt, with a contested matter on appeal, while allowing defendant to continue challenging those portions of the same order on appeal which were unfavorable to her.
The plain language of N.C. Gen.Stat. § 1-289 authorized plaintiff to seek a stay of execution and required the trial court to determine conditions and set a bond. The trial court, as fact finder, and the forum where defendant's contempt motion was pending, was a proper forum to determine and set conditions of the bond to stay the order. The trial court failed to consider and rule upon plaintiff's motion in accordance with the statutory mandate. The trial court's order denying plaintiff's motion to stay execution and enforcement of judgment during appeal was erroneously entered based upon a disregard or misapprehension of law. Blitz v. Agean, Inc., 197 N.C.App. 296, 312, 677 S.E.2d 1, 11 (2009) ("Where a ruling is based upon a misapprehension of the applicable law, the cause will be remanded in order that the matter may be considered in its true legal light." (citations and quotation marks omitted)).
The trial court erroneously refused to consider plaintiff's motion to determine the bond or security and stay execution of the appealed judgment. As a result, the trial court permitted defendant to proceed on *178 her motion for contempt and show cause order against plaintiff upon only two (2) days prior notice. Had the trial court properly considered plaintiff's motion to stay execution of the judgment and set a bond as set forth in N.C. Gen.Stat. § 1-289, defendant's motion to hold plaintiff in civil contempt would have inevitably failed. See Smith v. Miller, 155 N.C. 247, 71 S.E. 355 (1911) (holding there will be a stay of execution as to the parties appealing, upon compliance with this section); Bryan v. Hubbs, 69 N.C. 423 (1873) (holding posting of security operates as stay of execution of judgment).
If the trial court had properly ruled upon plaintiff's motion to set a bond and stay execution of the judgment, defendant's motion to hold plaintiff in civil contempt would have failed. Defendant could not demonstrate plaintiff's "willful noncompliance" or "stubborn resistance" if a bond had been determined, posted, and the money judgment stayed. N.C. Gen.Stat. § 5A-21(a) (2015).
The trial court entirely ignored an apt and permissible basis to allow plaintiff to stay execution of the judgment under § 1-289. Plaintiff was prejudiced by subsequently being found in civil contempt for his willful noncompliance with the very order he sought to have stayed and pending on cross-appeals by both parties. See Meehan v. Lawrence, 166 N.C.App. 369, 378, 602 S.E.2d 21, 27 (2004) ("In explaining the 'willfulness' requirement necessary to find a party in civil contempt, our Supreme Court has noted this term imports knowledge and a stubborn resistance." (citations and internal quotation marks omitted)).
The trial court erred by holding plaintiff in willful civil contempt for the non-payment of the private school tuition expenses set out in the appealed child support order. I vote to reverse the contempt order appealed from, *443 and remand to the trial court for ruling and entry of an order consistent with the statutory mandate set forth in N.C. Gen.Stat. § 1-289.
III. Conclusion
Plaintiff was statutorily allowed to seek a stay of execution of the judgment and for the trial court to determine and set bond conditions, pursuant to N.C. Gen.Stat. § 1-289. The trial court's order failed to rule upon plaintiff's motion, and set a bond and security conditions to stay execution of the judgment. The trial court's contempt order was entered based upon a disregard for and misapprehension of the law.
Plaintiff was entitled to a ruling on his motion under N.C. Gen.Stat. § 1-289 and for the trial court to determine bond conditions to stay *179 execution of the judgment, from which defendant had also appealed. Doing so would have precluded the trial court from having to rule on defendant's two-day noticed motion for contempt, in violation of N.C. Gen.Stat. § 5A-23(a1). I respectfully dissent.