IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-849

No. COA21-651

Filed 20 December 2022

Mitchell County, No. 16 CVD 131

KARA ANN SULLIVAN, Plaintiff,

v.

SCOTT NELSON WOODY, Defendant,

and

E. LYNN WOODY and JAMES NELSON WOODY, Intervenors.

Appeal by Intervenors from orders entered 13 April 2021 by Judge Rebecca Eggers-Gryder in Mitchell County District Court. Heard in the Court of Appeals 9 August 2022.

*Jackson Family Law, by Jill Schnabel Jackson, for Plaintiff-Appellee.*

*Arnold & Smith, PLLC, by Matthew R. Arnold and Ashley A. Crowder, for Intervenors-Appellants.*

TYSON, Judge.

¶ 1    E. Lynn Woody and James Nelson Woody ("Grandparents"), Intervenors-Appellants, appeal for the *second* time from orders awarding attorney's fees to Kara Ann Sullivan ("Mother"). Grandparents intervened to secure visitation rights with

their granddaughter during a highly-contested domestic and custody dispute between

their son, Scott Woody Nelson ("Father") and Mother, which has lasted for nearly

seven years.

¶ 2        After careful review of the record and this Court's previous mandate in this

case, we *once again* vacate the trial court's amended order and remand for further

findings to delineate and separate between reasonable attorney's fees Mother

purportedly incurred to defend against Grandparents' visitation claim, as opposed to

reasonable attorney's fees she may have incurred to litigate all remaining claims for

custody and child support against Father. We also vacate the trial court's entry of an

additional award for attorney's fees resulting from Grandparents' first successful

appeal and remand.

## I.    Background

¶ 3        This Court summarized the factual history of this case in Grandparents' first

appeal:

> This appeal arises from a heavily litigated child custody
> dispute that has now stretched on for more than three and
> a half years. [Mother] and [Father] were married on May
> 12, 2006. [Mother] filed a complaint seeking temporary
> and permanent custody of a minor child, child support, and
> attorney['s] fees on June 17, 2016. [Mother] and [Father]
> were not separated when the complaint was originally
> filed. The parties subsequently divorced.
>
> On August 21, 2016, [Grandparents], who are the parents
> of [Father] and grandparents of the minor child, filed a

motion to intervene. The trial court granted [Grandparents]' motion on October 31, 2016. On December 5, 2016, [Grandparents] filed a complaint seeking temporary and permanent visitation rights and attorney['s] fees. [Mother] filed an answer to [Grandparents]' complaint on February 8, 2017.

Before the matter was called for trial, [Mother] and [Father] stipulated that [Mother] was a fit and proper parent and that it would be in the best interest of the minor child to reside with [Mother], who would have legal and physical custody of the minor child. A trial was held on the remaining issues in the case—including [Father]'s visitation rights, [Grandparents]' visitation rights, and [Mother]'s claim for attorney's fees—over six days between March 28, 2018[,] and August 31, 2018.

On September 12, 2018, the trial court entered a final order in the case. Pursuant to the final order, the trial court granted [Grandparents] visitation rights with the minor child. The trial court also ordered that [Father] and [Grandparents] were to be jointly liable for [Mother]'s attorney['s] fees in the amounts of $12,720.00 and $74,491.50.

[Grandparents] filed a Notice of Appeal on 4 October 2018.

*Sullivan v. Woody*, 271 N.C. App. 172, 173-74, 843 S.E.2d 306, 307-08 (2020).

¶ 4　　In their first appeal, Grandparents argued "the trial court erred[:] (1) when it made an award of attorney['s] fees against [them]; and[,] (2) when it found [Grandparents] liable for attorney['s] fees unrelated to their involvement in the custody action." *Id.* at 174, 843 S.E.2d at 308. This Court's decision, issued on 21 April 2020, held the trial court properly concluded an award of attorney's fees against Grandparents may be authorized by our General Statutes, but reversed the fee award

order and remanded for the trial court to make additional findings of fact and conclusions of law regarding the reasonableness of the fee award against Grandparents, and of the costs Mother incurred to challenge Grandparents' claim specifically. *Id.* at 176-77, 843 S.E.2d at 309-10.

¶ 5 This Court concluded the trial court "failed to make the findings of fact necessary for a determination regarding what amount of [Mother]'s attorney['s] fees were reasonably incurred as the result of litigation by [Grandparents], as opposed to litigation by [Father]." *Id.* at 177, 843 S.E.2d at 309. This Court reversed the order and remanded the case based on the following reasoning:

> [T]he trial court failed to make those findings required by our precedent concerning[:] (1) the scope of legal services rendered by [Mother]'s attorneys in defending against [Grandparents]' visitation claim, or[,] (2) the time required of [Mother]'s attorneys in defending against that claim. Rather, the trial court's findings broadly relate to [Mother]'s attorney['s] fees associated with the entire action—including those claims brought by [Father], to which [Grandparents] were not parties.
>
> [Mother] has cited no authority, and we are aware of none, holding that [Grandparents] may be held liable for attorney['s] fees incurred as the result of claims or defenses they did not assert simply because they paid the opposing party's attorney['s] fees.

*Id.* at 177, 843 S.E.2d at 309-10.

¶ 6 Upon remand, the trial court conducted hearings on 19 November and 3 December 2020. The trial court did not hear or conduct a further evidentiary hearing,

but Mother's attorneys submitted supplemental affidavits related to fees for services provided since entry of the original order. On 13 April 2021, the trial court entered an amended order for the *same amount* of attorney's fees awarded in its original order, totaling $87,211.50 against Grandparents.

On the same day, the trial court entered an additional judgment of $21,138.50 for attorney's fees Mother purportedly incurred *after* the original erroneous order, as those fees consisted of the attorney's fees used to challenge Grandparents' initial appeal. Grandparents *again* appeal from entry of both judgments for attorney's fees to this Court.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2021).

## III.    Issues

Grandparents present extensive challenges to the trial court's award of attorney's fees. We again vacate and remand the amended order, because the trial court failed to follow this Court's prior mandate, and to make sufficient findings as required to find and hold Grandparents responsible *only* for reasonable attorney's fees Mother incurred *solely* as a result of Grandparents' successful claim for visitation.

¶ 10      Grandparents also argue the trial court erred by awarding attorney's fees for Grandparents' appeal "as punishment for providing financial assistance to their son and participating in the litigation."

### IV.    Insufficient Additional Findings About Allocation of Attorney's Fees

### A. Standard of Review

¶ 11      Whether the statutory requirements for attorney's fees are met is a question of law, which is reviewed *de novo* on appeal. *Cox v. Cox*, 133 N.C. App. 221, 228, 515 S.E.2d 61, 66 (1999) (citations omitted). The trial court must make "additional findings of fact upon which a determination of the requisite reasonableness can be based, such as findings regarding the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness in comparison with that of other lawyers" to enter an award of attorney's fees. *Cobb v. Cobb*, 79 N.C. App. 592, 595-96, 339 S.E.2d 825, 828 (1986) (citations omitted). "[T]he trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings." *Peters v. Pennington*, 210 N.C. App. 1, 12-13, 707 S.E.2d 724, 733 (2011) (citation omitted).

¶ 12      If the statutory requirements for attorney's fees "have been satisfied, the amount of the [attorney's fee] award is within the discretion of the trial judge and will not be reversed in the absence of an abuse of discretion." *Smith v. Barbour*, 195 N.C. App. 244, 255, 671 S.E.2d 578, 586 (2009) (citation, internal quotation marks,

and alterations omitted). A trial court has no discretion to misapply, ignore, or fail to follow or properly apply this Court's mandates, controlling statutes, or precedents. *Id.* "Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed *de novo* on appeal." *Peters*, 210 N.C. App. at 25, 707 S.E.2d at 741 (citation omitted).

### B. Analysis

¶ 13        "A mandate of an appellate court is binding upon the trial court and must be strictly followed *without variation or departure*. No judgment *other than that* directed or permitted by the appellate court may be entered." *McKinney v. McKinney*, 228 N.C. App. 300, 302, 745 S.E.2d 356, 357 (2013) (emphasis supplied) (citation and internal quotation marks omitted).

¶ 14        In this case, the trial court's amended order fails to follow and apply this Court's prior mandate on remand in the first appeal, requiring the trial court to "make the findings of fact necessary for a determination regarding what amount of [Mother]'s attorney['s] fees were reasonably incurred *as the result of litigation by [Grandparents], as opposed to litigation by [Father]*." *Sullivan*, 271 N.C. App. at 177, 843 S.E.2d at 309 (emphasis supplied). The amended order merely limited the attorney's fees to be paid by Grandparents to include only legal services provided *after* they petitioned for lawful visitation with their granddaughter and intervened in the action:

31. Prior to the entry of the Original Order, the Court reviewed Mr. Daniel M. Hockaday's Affidavit of Attorney['s] fees, which [Mother] incurred in this action for custody and support, and in defending the claims of [Father] for custody of the minor child and for child support, and in defending [Grandparents]' claims for visitation and attorney['s] fees. Mr. Hockaday's presence was necessary to represent [Mother] against [Grandparents]' claim for visitation, as well as to assist Ms. Hemphill in [Mother]'s case in chief. His legal assistance was also necessary because of the complicated nature of this matter, and the additional legal work needed in the discovery, due to [Grandparents]' and [Father]'s failure to cooperate fully in providing information. The law firm of Hockaday & Hockaday, P.A. has been paid the sum of $8,000.00 in legal fees, and another $4,720.00 is due. The total attorney['s] fees incurred by [Mother] from that firm are $12,720.00, which the Court finds as reasonable. The $8,000.00 was paid to Hockaday & Hockaday, P.A. by [Mother]'s parents.

32. The attorney['s] fees and costs incurred by [Mother] for the services of Mr. Hockaday prior to the entry of the Original Order were reasonable. With regard to the statement offered to the Court by Mr. Hockaday, his statement begins with February 2, 2017[,] which is after the date [Grandparents] became parties to this action. The Court finds that all of Mr. Hockaday's legal services for the period from 15 February 2017 through 16 May 2018 are relevant to the action initiated by [Grandparents] and their participation in this case as herein stated. Mr. Hockaday's legal expertise has been necessary on behalf of [Mother]. Therefore, the Court finds that [Grandparents] are liable to Hockaday & Hockaday, P.A. for reasonable attorney['s] fees in the amount of $12,720.00.

. . . .

37. With regard to the Affidavit and statement offered to the Court by Ms. Hemphill, on 31 August 2018,

the liability of [Grandparents] should be limited to the period of time beginning December 5, 2016, when [Grandparents] became full parties to this action and when they plead for attorney['s] fees. At the Court's direction, Ms. Hemphill re-submitted to the Court a revised Affidavit with accompanying Exhibits "A" and "B" for the time December 5, 2016[,] through September 5, 2018. From December 5, 2016, when [Grandparents] became parties, through the conclusion of the 31 August 2018 hearing and the entry of the final order, the Court finds that all of Ms. Hemphill's legal services are relevant to the action initiated by [Grandparents] and their participation in this case. Ms. Hemphill's legal expertise has been necessary on behalf of [Mother]. For that period, the total attorney['s] fees which [Grandparents] are liable to Hemphill Law Finn [sic], PLLC are $68,851.00; total paralegal/legal assistant fees are $5,496.00, and the total expenses and costs are $144.50. These amounts total $74,491.50, and the Court finds that these attorney['s] fees and costs incurred by [Mother] for the services of Ms. Hemphill were reasonable. The Court finds that [Grandparents] are liable to the Hemphill Law Firm, PLLC for the attorney['s] fees and expenses in the amount of $74,491.50 for the time period from December 5, 2016[,] through September 5, 2018.

¶ 15  The trial court clarified Grandparents would only be responsible for attorney's fees Mother incurred to two separate law firms after they intervened and held Father liable for Mother's attorney's fees incurred from 16 June through 4 December 2016, before Grandparents intervened, in the amount of $26,539.60. The amended order, however, fails to distinguish between "the scope of legal services rendered by [Mother]'s attorneys in defending against [Grandparents]' *visitation claim*" or describe "the time required of [Mother]'s attorneys in defending against *that* claim."

*Id.* at 177, 843 S.E.2d at 310 (emphasis supplied); *see generally Robinson v. Robinson*, 210 N.C. App. 319, 337, 705 S.E.2d 785, 797 (2011) ("Because this is a combined action for equitable distribution, alimony, and child support, the trial court's findings should have reflected that the fees awarded are attributable only to fees which Ms. Robinson incurred with respect to the alimony and/or child support actions.") (citation omitted).

¶ 16        The amended order before us again holds Grandparents liable for fees associated with "defending the claims of [Father] for custody of the minor child and for child support" and for Mother's "case in chief" on the fees due to Hockaday & Hockaday, P.A.  For example, only two entries in one of the amended affidavits for attorney's fees from one of Mother's attorneys, Mr. Hockaday, explicitly mention services related to Grandparents, totaling $495.00 of the $4,720.00 billed in services rendered.

¶ 17        In addition, the trial court limited Grandparents' liability for Mother's attorney's fees with the separate Hemphill Law Firm from 5 December 2016 to 5 September 2018, but the supplemental affidavit and accompanying billable hours log fail to distinguish between services provided to defend against all of Father's claims as opposed to those services solely related to Grandparents' claim for visitation.

¶ 18        By contrast, the supplemental affidavits introduced to support the trial court's second judgment for attorney's fees entered on 13 April 2021 were "intended solely for the purpose of representing [Mother] in the appeal by [Grandparents] in this

action" and "incurred as a result of the appeal of [Grandparents] in this action and the remand." In the original order and in the amended order for attorney's fees, the trial court recited *five remaining issues* to be resolved at trial, but *only one,* "[t]he child's best interest determination as to [Grandparents]' schedule of visitation with the minor child," directly pertained to Grandparents' claim for visitation.

¶ 19     The trial court failed to strictly follow this Court's prior mandate, and we again vacate and remand the amended order of the trial court for further findings and conclusions. *McKinney,* 228 N.C. App. at 302, 745 S.E.2d at 357. We re-emphasize our holding and law of the case in Grandparents' first appeal that "[Mother] has cited no authority, and we are aware of none, holding that [Grandparents] may be held liable for [reasonable] attorney['s] fees incurred as the result of claims or defenses they did not assert simply because they paid the opposing party's attorney['s] fees." *Sullivan,* 271 N.C. App. at 177, 843 S.E.2d at 310.

¶ 20     The amended orders also fail to address whether Mother's or her attorneys' actions demonstrate recalcitrance, stubbornness, needless delays, or good faith to extend or incur unwarranted expenses on the settlement or resolution of Grandparents' statutory visitation claim. The amended orders also do not demonstrate Mother's reasons or need to employ three separate law firms simultaneously in this seven-year litigation that she initiated.

¶ 21     Under the statutory authority stated in North Carolina General Statute Chapter

84-23, the North Carolina State Bar has issued Rule 1.5 regarding attorney's fees and

the reasonableness thereof:

> (a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee or charge or collect a clearly excessive amount for expenses. The factors to be considered in determining whether a fee is clearly excessive include the following:
>
>> (1)  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>> (2)  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>> (3)  the fee customarily charged in the locality for similar legal services;
>> (4)  the amount involved and the results obtained;
>> (5)  the time limitations imposed by the client or by the circumstances;
>> (6)  the nature and length of the professional relationship with the client;
>> (7)  the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>> (8)  whether the fee is fixed or contingent.
>
> (b) When the lawyer has not regularly represented the client, the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

N.C. Rev. R. Prof. Conduct 1.5(a)-(b).

Rule 1.5, subsection (e) provides:

> "(e) A division of a fee between lawyers who are not in the

same firm may be made only if:

> (1)    the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;
> (2)    the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and
> (3)    the total fee is reasonable."

N.C. Rev. R. Prof. Conduct 1.5(e).

¶ 23    Upon remand, the trial court may receive new evidence to clarify which services provided related solely to Mother's challenge of Grandparents' statutory claim for visitation and the reasonableness and division of those fees under Rule 1.5. *See Hicks v. Alford*, 156 N.C. App. 384, 389, 576 S.E.2d 410, 414 (2003) ("Whether on remand for additional findings a trial court receives new evidence or relies on previous evidence submitted is a matter within the discretion of the trial court." (citations omitted)).

¶ 24    Because we *again* vacate the trial court's amended order and remand on this ground, it is unnecessary at this time to address Grandparents' remaining challenges to the fees awarded in the amended order, which are preserved. *See Sullivan*, 271 N.C. App. at 173, 843 S.E.2d at 307 ("Because we conclude the trial court failed to make those findings necessary for the fees awarded, we need not address [Grandparents]' additional assignments of error, all of which relate to the award.").

**V.    Attorney's Fees Associated with Grandparents' First Appeal**

## A. Standard of Review

"Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed *de novo* on appeal. The reasonableness and necessity of costs is reviewed for abuse of discretion." *Peters*, 210 N.C. App. at 25, 707 S.E.2d at 741 (citations omitted). As consistent with State Bar Rule 1.5: "Where the applicable statutes afford the trial court discretion in awarding costs, we review the trial court's determinations for an abuse of discretion." *Khomyak v. Meek*, 214 N.C. App. 54, 57, 715 S.E.2d 218, 220 (2011).

## B. Analysis

### 1. *"American Rule" Regarding Attorney's Fees*

"Our legal system generally requires each party to bear his [or her] own litigation expenses, including attorney's fees, regardless [of] whether he [or she] wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'" *Fox v. Vice*, 563 U.S. 826, 832, 180 L. Ed. 2d 45, 53 (2011) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 44 L. Ed. 2d 141, 147 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.")); *see also Batson v. N.C. Coastal Res. Comm'n*, 282 N.C. App. 1, 12, 2022-NCCOA-122, ¶ 39, 871 S.E.2d 120, 129 (2022) (Tyson, J., dissenting) (first citing *Ehrenhaus v. Baker*, 243 N.C. App. 17, 27-8, 776 S.E.2d 699, 705-06 (2015); and then citing *In re King*, 281 N.C. 533, 540, 189

S.E.2d 158, 162 (1972)). The English Rule, on the other hand, provides attorney's fees fall within the court's direction, but are "regularly allowed to the *prevailing party*." *Alyeska Pipeline Service Co.*, 421 U.S. at 247, 44 L.Ed.2d at 147 (emphasis supplied).

¶ 27 Our Supreme Court has held a trial court *may only award* attorney's fees when authorized by statute. *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) ("Today in this State, all costs are given in a court of law by virtue of some statute. The simple but definitive statement of the rule is: Costs, in this state, are entirely creatures of legislation, and without this they do not exist.") (citations, quotation marks, and alterations omitted); *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.,* 549 U.S. 443, 448, 167 L. Ed. 2d 178, 185 (2007) (explaining the American Rule is a "default rule [and] can, of course, be overcome by statute") (citation omitted); *Batson*, 282 N.C. App. at 12, ¶ 39, 871 S.E.2d at 129 (Tyson, J., dissenting) (citations omitted).

### 2. *North Carolina Rules of Appellate Procedure 34(a)*

¶ 28 Rule 34 of the North Carolina Rules of Appellate Procedure provides "[a] court of the *appellate division* may, on its own initiative or motion of a party, impose a sanction against a party or attorney or both" *if it finds* "an appeal or any proceeding in an appeal was frivolous." N.C. R. App. P. 34(a) (emphasis supplied). An appellate court may impose various sanctions against a party for bringing frivolous appeals,

including the award of "reasonable expenses, including reasonable *attorney['s] fees, incurred because of the frivolous appeal or proceeding*."  N.C. R. App. P. 34(b)(2) (emphasis supplied).

### 3.  *North Carolina General Statute § 50-13.6*

¶ 29        Our General Assembly has also enacted legislation governing the assignment of attorney's fees in actions for child support or custody *in the district court*.  N.C. Gen. Stat. § 50-13.6 (2021).  "In an action or proceeding for the custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit."  *Id.*

> [T]he clear intent of N.C. Gen. Stat. § 50-13.6 is to allow the trial court the discretion to ensure *one parent* in a custody action will not have an inequitable advantage *over the other parent*—based upon *a parent's* inability to afford qualified counsel.  North Carolina General Statute § 50-13.6 concerns leveling the field in a custody action by ensuring *each parent* has competent representation.  The trial court's authority to award attorney's fees under N.C. Gen. Stat. § 50-13.6 does not depend upon who "wins" any particular ruling in a custody proceeding.

*Blanchard v. Blanchard*, 279 N.C. App. 269, 277, 2021-NCCOA-487, ¶ 15, 865 S.E.2d 686, 692 (2021) (emphasis supplied) (citation omitted) (confirming N.C. Gen. Stat. § 50-13.6 was intended to place *parents* on equal footing with their available funds and assets in *parental custody* disputes, not to punish *grandparents* or other third

parties such as siblings for claiming visitation rights, according to *Burr v. Burr*, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002)).

¶ 30        Trial courts, nevertheless, do not possess "unbridled discretion" when assessing attorney's fees. *Burr*, 153 N.C. App. at 506, 570 S.E.2d at 224 (citations omitted) (explaining trial courts "must find facts to support its award"). As explained in *Davignon v. Davignon* and consistent with State Bar Rule 1.5:

> The trial court must make findings of fact to support and show "the basis of the award, including: the nature and scope of the legal services, the skill and time required, and the relationship between the fees customary in such a case and those requested." The trial court is also required to make findings to allocate and show what portion of the attorney's fees was attributable to the custody and child support aspects of the case.

245 N.C. App. 358, 365-66, 782 S.E.2d 391, 396-97 (2016) (citing *Robinson v. Robinson,* 210 N.C. App. 319, 337, 707 S.E.2d 785, 798 (2011); *Smith v. Price,* 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986)); *see* N.C. Rev. R. Prof. Conduct 1.5. Also consistent with State Bar Rule 1.5: "Reasonableness, not arbitrary classification of attorney activity, is the key factor under all our attorney['s] fees statutes." *Coastal Production Credit Ass'n v. Goodson Farms*, 70 N.C. App. 221, 228, 319 S.E.2d 650, 656 (1984) (citations omitted).

¶ 31        In derogation to and contrary to the "American Rule," which specifies parties must bear their own attorney's fees and fee-shifting statutes must be narrowly

construed, N.C. Gen. Stat. § 50-13.6 should not be used by trial courts as a third-party, fee-shifting, full employment act for the domestic relations bar, nor should trial courts use the statute to punish or deplete parties' marital or other assets through endless litigation. *Id.*; N.C. Gen. Stat. § 50-13.6; *see Fox v. Vice*, 563 U.S. 826, 832, 180 L. Ed. 2d 45, 53 (2011) (citation omitted).

¶ 32    Here, the trial court found, in the order for the attorney's fees associated with Grandparents' appeal, "[Grandparents] have acted in bad faith in this litigation." The trial court's decision to reference Grandparents' purported "bad faith" for intervening and asserting their statutory right to visit their grandchild tends to show the trial court intended to punish Grandparents for exercising their rights. N.C. Gen. Stat. § 50.13.1(a) (2021) (providing "[a]n order for custody of a minor child may provide visitation rights for any grandparent of the child as the court, in its discretion, deems appropriate").

¶ 33    This Court has held "attorney's fees and costs incurred *in defending an appeal* may only be awarded under N.C. R. App. P. 34 by an appellate court" because holding otherwise would discourage litigants from pursuing "valid challenges" to trial court decisions. *Hill v. Hill*, 173 N.C. App. 309, 318, 622 S.E.2d 503, 509 (2005) (citation and internal quotation marks omitted); *cf McKinney*, 228 N.C. App. at 305, 745 S.E.2d at 360 (distinguishing *Hill* in a case where "attorney's fees [we]re not being awarded as a sanction, but as a discretionary award pursuant to § 50-13.6").

¶ 34     Grandparents lawfully and properly asserted their statutory right to visit with their grandchild and their *right to appeal the trial court's erroneous distribution* of attorney's fees between Father and Grandparents. N.C. Gen. Stat. § 50-13.6 may not be used to sanction Grandparents for their purported "bad faith" in lawfully intervening for visitation or bringing forth the trial court's error in their first appeal.

¶ 35     This Court's prior mandate and remand did not anticipate nor direct the trial court to find facts nor sanction Grandparents under Rule 34 or any other basis by awarding Mother attorney's fees purportedly incurred by yet a *third* attorney she retained to diminish Grandparent's successful assertion of visitation and to defend their meritorious appeal, which was necessitated by the trial court's failure to follow and apply the law. N.C. R. App. P. 34(a); *Hill*, 173 N.C. App. at 318, 622 S.E.2d at 509.

¶ 36     *Again,* the trial court's erroneous and unlawful order is vacated and jurisdiction is remanded for compliance with this Court's rulings and mandate. Grandparents' present and meritorious *second* appeal is necessitated *solely* by the trial court's recalcitrant and inexplicable failure to follow and implement this Court's prior mandate upon remand. N.C. Gen. Stat. § 7A-32(c) (2021); *McKinney*, 228 N.C. App. at 302, 745 S.E.2d at 357; *see also Sullivan*, 271 N.C. App. at 177, 843 S.E.2d at 309.

## VI.     Conclusion

¶ 37      We vacate the trial court's amended order and *again* remand for further findings and conclusions not inconsistent with the prior mandate and this opinion. N.C. Gen. Stat. § 7A-32(c) confers "[t]he Court of Appeals [with] [ ] jurisdiction . . . to supervise and control the proceedings of . . . trial courts[.]" *Id.*

¶ 38      In the event the trial judge is unwilling or incapable of again precisely following this Court's mandate on remand, the Chief District Court Judge of the 24th Judicial District is authorized and directed to implement this Court's opinion and order upon remand. *Id.*; *McKinney*, 228 N.C. App. at 302, 745 S.E.2d at 357. *It is so ordered.*

VACATED AND REMANDED WITH INSTRUCTIONS

Judge GORE concurs.

Judge INMAN concurs in part and dissents in part by separate Opinion.

INMAN, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that the trial court's amended order and judgment awarding attorney's fees to Mother arising from the initial custody dispute—the same fees award addressed in our earlier decision—must be vacated and remanded a second time for the trial court to make findings of fact to delineate between the attorney's fees Mother incurred to defend against Grandparents' visitation claim as opposed to fees she incurred to litigate claims for custody and child support against Father. I disagree, however, with the majority's reversal of the trial court's second order and judgment requiring Grandparents to pay Mother's additional attorney's fees incurred as a direct result of Grandparents' visitation claims and Grandparents' earlier appeal. The majority has replaced the trial court's unchallenged findings of fact with its own view of the evidence and has disregarded controlling precedent. As to this issue, I respectfully dissent.

I would conclude the trial court's second order and judgment awarding attorney's fees incurred in the first appeal complies with the governing statute, is consistent with binding precedent, is supported by unchallenged findings of fact, and falls within the trial court's discretion.

### 4. *Standard of Review*

Although the issue of whether the statutory requirements for attorney's fees are met is a question of law, which we review *de novo* on appeal, *Cox v. Cox*, 133 N.C. App. 221, 228, 515 S.E.2d 61, 66 (1999), "the trial court's findings of fact supporting the award of attorney's fees are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings," *Peters v.*

*Pennington*, 210 N.C. App. 1, 12-13, 707 S.E.2d 724, 733 (2011). Further, "[u]nchallenged findings are deemed to be supported by the evidence and are binding on appeal." *In re S.C.L.R.*, 378 N.C. 484, 2021-NCSC-101, ¶ 9 (citation omitted). If the statutory requirements for attorney's fees have been satisfied, "the amount of the attorney fee award is within the discretion of the trial judge and will not be reversed in the absence of an abuse of discretion." *Smith v. Barbour*, 195 N.C. App. 244, 255, 671 S.E.2d 578, 586 (2009) (cleaned up).

### 5. *Section 50-13.6 Authorizes Trial Court's Award of Appellate Fees against Grandparents*

¶ 42    N.C. Gen. Stat. § 50-13.6 (2021) provides: "In an action or proceeding for the custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit."

¶ 43    Grandparents concede in their brief that the statute does not require a party be the prevailing party or that the party awarded fees be entitled to custody. And our caselaw is clear that an award for attorney's fees in a child custody or support proceeding is not dependent on the outcome of the case. *See, e.g., Blanchard v. Blanchard*, 279 N.C. App. 269, 2021-NCCOA-487, ¶ 14 ("Nothing in the plain language of [Section 50-13.6] suggests a determination that an interested party has acted in good faith or has insufficient means to cover the costs associated with the

action are *determinations contingent on the ultimate outcome of an appeal, by either party, from the underlying judgment.*" (citation omitted) (emphasis added)); *Wiggins v. Bright*, 198 N.C. App. 692, 695, 679 S.E.2d 874, 876 (2009) ("If the proceeding is one covered by [Section] 50-13.6, as is the case here, and the trial court makes the two required findings regarding good faith and insufficient means, then *it is immaterial whether the recipient of the fees was either the movant or the prevailing party.*" (emphasis added)).

¶ 44        Grandparents argue for the first time on appeal, and the majority agrees, that the trial court was not authorized to award attorney's fees incurred in the prior appeal because that appeal was taken solely from an award of attorney's fees. Grandparents cite not authority to support their argument and other than its own policy statement, the majority cites no authority to support this conclusion. "It is not the role of the appellate courts to create an appeal for an appellant. It is likewise not the duty of the appellate courts to supplement an appellant's brief with legal authority or arguments not contained therein." *Kabasan v. Kabasan*, 257 N.C. App. 436, 443, 810 S.E.2d 691, 697 (2018) (citations and quotation marks omitted) (cleaned up).

¶ 45        Bolder than creating a new rule of law, the majority's holding directly conflicts with binding precedent. A fundamental principle of the rule of law is that courts respect precedent. "Where a panel of the Court of Appeals has decided the same

issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent[.]" *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted).

¶ 46 In *McKinney v. McKinney*, 228 N.C. App. 300, 745 S.E.2d 356 (2013), this Court applied Section 50-13.6 to affirm the trial court's award of appellate attorney's fees from a prior appeal, holding that "the award of appellate attorney's fees in matters of child custody and support, as well as alimony, is within the discretion of the trial court." 228 N.C. App. at 304, 307, 745 S.E.2d at 359, 361 (applying, explicitly, this Court's holding in *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 273, 280 S.E.2d 787, 790 (1981) to the context of child custody and support). *See also Whedon v. Whedon*, 313 N.C. 200, 208-09, 328 S.E.2d 437, 442 (1985) (holding the trial court erred in dismissing the defendant's request for appellate attorney's fees without prejudice).

¶ 47 This case is procedurally identical to *McKinney*. *McKinney* arose, like this case, from the *second* appeal of an attorney's fee award. 228 N.C. App. at 300-01, 307, 745 S.E.2d at 357. And, as in this case, the first appeal in *McKinney* concerned only the award of attorney's fees. *Id*. *McKinney* followed a trial court's amended fee award order, pursuant to this Court's mandate to vacate an earlier award and remand for more precise findings of fact to award only fees within the scope of the statute. *Id*. at 301, 745 S.E.2d at 357-58. As here, on remand, the trial court made an award for appellate attorney's fees associated with the first appeal. *Id*. This Court

in *McKinney* affirmed the award of attorney's fees incurred in the first appeal. *Id.* at 307, 745 S.E.2d at 361. As in this case, in *McKinney*, the award of attorney's fees was the only issue raised in both the first and second appeals. The majority does not distinguish or otherwise address the holding in *McKinney*.

¶ 48    The majority further reasons that the trial court lacked statutory authority to order Grandparents, as opposed to Father, to pay Mother's attorney's fees incurred in the first appeal. This reasoning ignores that only Grandparents—not Father— took the first appeal, so that only Grandparents could be responsible for Mother's attorney's fees incurred defending that appeal. It also ignores that Grandparents, as a result of intervening in this matter, are parties adverse to a custody action and subject to liability for attorney's fees pursuant to Section 50-13.6. This Court has interpreted N.C. Gen. Stat. § 50-13.1(a) to provide that "grandparents have standing to seek visitation with their grandchildren when those children are *not* living in a[n] . . . 'intact family.'" *Fisher v. Gaydon*, 124 N.C. App. 442, 444, 477 S.E.2d 251, 253 (1996) (emphasis in original). Neither this Court nor our Supreme Court has previously held that attorney's fees may not be awarded against Grandparents pursuant to Section 50-13.6. Perhaps that is why Grandparents did not even advance this argument in their appeal.

¶ 49    Further advocating for appellants more than their own counsel, the majority categorizes the trial court's award of appellate attorney's fees as a sanction for

Grandparents' "bad faith" and asserts that such an award is solely in the province of this Court pursuant to Rule 34 of our Rules of Appellate Procedure. This assertion again ignores this Court's binding precedent and the trial court's order, which expressly awarded appellate fees pursuant to its discretionary, statutory authority under Section 50-13.6. The trial court's finding that Grandparents "acted in bad faith in this litigation" does not constitute a Rule 11 sanction. Second, this Court's authority to award fees and costs associated with defending an appeal under Appellate Rule 34 does not divest the trial court's authority to award discretionary attorney's fees pursuant to Section 50-13.6—the two are not mutually exclusive.

¶ 50        In *Hill v. Hill*, 173 N.C. App. 309, 622 S.E.2d 503 (2005), the decision quoted by the majority on this point, this Court reversed the trial court's order for *sanctions under Rule 11* "awarding attorney's fees and costs incurred by defendants due to plaintiff's appeal to this Court and petition to our Supreme Court." 173 N.C. App. at 322, 622 S.E.2d at 512. We held that "[t]he authority to *sanction frivolous appeals* by shifting 'expenses incurred on appeal onto appellants' is exclusively granted to the appellate courts under N.C. R. App. P. 34." *Id.* at 317, 622 S.E.2d at 509 (emphasis added) (citations omitted) (cleaned up). *Hill* does not hold that trial courts are not authorized to award appellate attorney's fees pursuant to Section 50-13.6.

### 6. *Grandparents Have Not Demonstrated Abuse of Discretion*

¶ 51        Finally, the majority asserts that the trial court abused its discretion in

awarding attorney's fees paid to Mother's third attorney in the first appeal. Notably, Grandparents do not challenge the trial court's findings of fact regarding the third attorney, including the reasonableness of her fees. Indeed, Grandparents do not challenge a single finding of fact or conclusion of law in the appellate fees order. Regardless of the majority's opinion about whether it was necessary for Mother to retain an additional attorney to represent her on appeal, the trial court's finding that the representation was necessary and reasonable is binding on appeal where unchallenged. *See In re S.C.L.R.*, ¶ 9.

¶ 52 Grandparents have failed to demonstrate the trial court abused its discretion in the amount it awarded Mother for attorney's fees incurred after the original order and in defending against Grandparents' first appeal. *See Smith*, 195 N.C. App. at 256, 671 S.E.2d at 586. The majority's conclusion to the contrary is based solely on its own characterization of the award, which disregards the trial court's findings of fact and exceeds the arguments raised by Grandparents.

¶ 53 For the above reasons, I would affirm the trial court's order awarding appellate attorney's fees and respectfully dissent from the majority opinion regarding this fee award.